Gillett v. Booth.

## JOEL B. GILLETT
### v.
## HENRY A. BOOTH.

1. BILL TO IMPEACH RECORD—EQUITY JURISDICTION.—A bill to impeach a record on the ground that, as it appears it is contrary to equity, and so remains only by reason of a mistake or accident beyond complainant's control, is a subject of equity jurisdiction, and the power of a court of equity in this respect is not limited by the character or effect of the amendment sought, nor is the proof upon which it may be exercised confined to that which is documentary, written or certain. It is enough if the amendment be demanded by equity and the proof is such as to satisfy the conscience of the chancellor.

2. STATEMENT.—This was a bill filed to vacate a decree entered against appellant in 1872, and for an injunction. It was alleged that said decree was originally entered in violation of an agreement of counsel of both parties that the cause should be dismissed; that afterwards upon motion in said cause, an order was entered by the judge vacating said decree, and leaving said cause to stand for trial in regular course, and the parties took testimony, and were preparing for a trial, when it was discovered that the order setting aside said decree had been erased from the judge's docket and a final decree against complainant entered of record, whereupon, on motion of the defendant, said original cause was stricken from the docket.

3. DISMISSING BILL ON MOTION TO DISSOLVE INJUNCTION.—Where the only relief sought in a bill is an injunction, it is not error upon a motion to dissolve the injunction, to dismiss the bill; but in this case the bill demanded other relief, and should have been retained for final hearing, and it was error to dismiss it upon the dissolution of the injunction.

4. AMENDING RECORD OF COURT UPON MOTION.—Where the amend-

ment sought is merely to show some action of the court really taken, but not recorded, it may be allowed upon proper notice and due proof; but where the proposed amendment, while not directly changing or affecting the existing record, as a record, nullifies or materially changes its operation, the power of the court to allow it upon a mere motion at a subsequent term, may be doubted.

5. RES ADJUDICATA.—The action of the court in overruling a motion to amend a record, made at a subsequent term, though affirmed upon appeal, is not an adjudication of the question here presented, which is different in that it involves the power of a court of chancery to vacate, change or otherwise amend its record of a former term upon a proper bill for that purpose.

6. IMPEACHING RECORD.—A record may be impeached as well for not containing what it ought to, as for containing what it ought not. The question is whether, as it stands, it is inequitable and injurious to complainant, and the result of accident without fault or laches on his part.

APPEAL from the Circuit Court of Peoria county; the Hon. J. W. COCHRAN, Judge, presiding. Opinion filed June 17, 1880.

Mr. GEORGE PUTERBAUGH, for appellant.

Messrs. HOPKINS & MORRON, for appellee; that a bill of review can only lie for error apparent upon the face of the record, cited Griggs v. Gear, 3 Gilm. 2; Dolton v. Erb, 53 Ill. 289.

A judgment at law will not be set aside in equity unless the applicant is himself free from fault and neglect: Higgins v. Bullock, 73 Ill. 205; Ames v. Snider, 55 Ill. 498; Wilday v. McConnell, 63 Ill. 278; Henrickson v. Van Winkle, 27 Ill. 274; Brown v. Hurd, 56 Ill. 317; McGehee v. Gold, 68 Ill. 215.

A motion to dissolve an injunction for want of equity in the bill, operates as a demurrer, and if the injunction is dissolved upon that ground, the bill should be dismissed: Weaver v. Poyer, 70 Ill. 567; Titus v. Mabee, 25 Ill. 257; Bennett v. McFadden, 61 Ill. 334; Knapp v. Marshall, 26 Ill. 63.

As to remittitur: Nixon v. Halley, 78 Ill. 611; Pixley v. Boynton, 79 Ill. 351; Trustees of Schools v. Highler, 85 Ill. 409; Welsh v. Johnson, 76 Ill. 295; Lowman v. Aubery, 72 Ill. 619.

The record shows proof enough to sustain the decree for assessment of damages: School Directors v. Trustees, 66 Ill. 247; Goodwillie v. Milliman, 56 Ill. 523.

As to admission of judge's minutes: McCormick v. Wheeler, 36 Ill. 114.

Against the power of the court to change its record at a subsequent term: Lill v. Stookey, 72 Ill. 495; Cook v. Wood, 24 Ill. 295; Smith v. Wilson, 26 Ill. 186; McKindley v. Buck, 43 Ill. 488; State Savings Institution v. Nelson, 49 Ill. 171; Church v. English, 81 Ill. 442; Seeley v. Pelton, 63 Ill. 101.

PLEASANTS, J.   This was a bill filed by appellant to vacate a decree of June 20, 1872, awarding to appellee $930, upon a suggestion of damages on dissolution of an injunction, and to enjoin meanwhile its collection or assignment.

The following is in substance the case made by it:   The injunction bill was filed in July, 1868, to restrain defendant, now appellee, from harvesting fifty-five acres of rye growing on complainant's land, of which defendant was claiming two-thirds under an alleged agreement of lease between the parties. After answer had been filed and the cause pending for some time, Mr. Ingersoll and Mr. Cratty, as their solicitors respectively, made an agreement by which on the one part the bill was to be dismissed, and on the other all claim of damages by the injunction waived.   On this agreement complainant relied, and therefore ceased to give attention to the case.   In 1872, without notice to the complainant of the change, Mr. Cratty withdrew as solicitor for the defendant and Messrs. Johnson and Hopkins appeared, who, in ignorance of said agreement, when the cause was called in its order on June 20th, in that year, in the absence of complainant and his solicitor, submitted the same upon the bill and answer, procured the dissolution of the injunction, assessed defendant's damages upon suggestion filed at $930, and took the decree therefor which is now sought to be vacated.   On the next day Mr. Ingersoll, who had been in the meantime informed of these proceedings, moved the court on behalf of complainant to set aside said assessment and decree, upon his own affidavit, which set forth that he had

made the agreement above referred to upon the proposition of Mr. Cratty, that it embraced a similar disposition of another injunction suit in which their positions were reversed, and that being satisfied with it he had taken no further steps in the case and delayed its actual dismissal only for such dismissal by Mr. Cratty of the other.

Thereupon another agreement was entered into by the then acting solicitors of the parties, respectively, whereby said assessment and decree were to be set aside and the claim to the waiver of damages under the Cratty arrangement withdrawn; in other words, the cause was to stand for hearing upon its merits as before the Cratty agreement; and on the first day of July, of the same term, in pursuance of said last mentioned agreement, the parties appeared by their solicitors, and upon a statement of its terms in open court then made, the judge entered upon his docket the following minute in the case: "July 1. Motion to set aside order, decree, etc., sustained by agreement." The clerk also, upon the same day, made a similar memorandum in his docket, and all parties concerned recognized it as the veritable action of the court. From that time until Jan'y 21, 1878, said cause was continuously upon the docket, and until Nov. 1877, undergoing preparation for hearing and being understood and treated by the parties, their solicitors and the court, as pending and wholly undetermined. Subpoenas for witnesses were taken out and served, and the service sworn to by the defendant in person; continuances moved for and granted upon affidavit filed; leave to amend bill given and amendment made; reference to master to take and report proofs ordered, and much testimony taken.

But in November, 1877, it was discovered that while the decree upon the assessment had been recorded, the minutes of both the judge and clerk of the order setting it aside by agreement were erased by ink lines drawn through them, and that said order had not been entered of record. The bill avers that this erasure was not made by the judge or any one acting therein by his authority, nor with his consent or knowledge, but by some unauthorized person to the complainant unknown; that it was not the intention of the court or parties to have

Gillett v. Booth.

said decree remain in force after said agreement to vacate the same, but on the contrary it was their intention to have the record show that it was vacated; that complainant had no knowledge or information of the fact that such erasure had been made, or that the clerk had not recorded said vacating order, until November, 1877; and that the omission of the clerk to record it was the result of accident, to wit: the unauthorized erasure aforesaid.

Upon such discovery, however, the defendant by his solicitors, on the 26th of November, 1877, entered his motion to strike said cause from the docket, and thereupon complainant entered his cross-motion to amend the record by entering therein the said vacating order; both of which were continued to the next term, when said cross-motion was denied and the motion to strike the cause from the docket sustained, and orders accordingly were entered.    Thereupon the complainant appealed, but a majority of this court, as then constituted, affirmed said order.

When the order so appealed from was made it was too late, under the statute, to sue out a writ of error upon the said decree of June 20, 1872, even if there had been any error therein, and therefore this bill was filed.    It further avers, with proper specifications, that said injunction bill was meritorious—that said decree is unconscionable—that complainant is pecuniarily responsible and said defendant insolvent; and prays for an answer without oath, and that said decree may be vacated, and the defendant in the meantime enjoined from collecting it, or assigning or otherwise so disposing of it as to admit of the intervention of any right of third parties therein; and that said cause may be tried upon its merits.

Upon this bill an injunction was ordered and issued.    Defendant then filed his answer under oath, which denies that said decree is inequitable or that it was set aside or intended so to be; admits that the motion to vacate it was entered, and that a minute of an order sustaining said motion by agreement was made by the judge and clerk respectively upon their dockets as alleged, but avers that said entries as soon as made were discovered to be an error and were then and there erased

by said judge and clerk; admits that he was misled by acts of complainant and parties in interest to believe that said motion had been sustained, and therefore took steps to procure testimony for a further hearing; but avers that upon examination of the record he ascertained that it correctly set forth the facts in strict accordance with the judgment of the court and his own understanding at the time; denies the making of said first mentioned agreement, and insists that even if the court intended to sustain the motion to vacate said decree, and counsel and parties so understood and agreed that it should be sustained, and afterwards acted upon the understanding that it had in fact been sustained, nevertheless the record as it stands is conclusive and cannot by any means be set aside or changed.

Replication was put in, and at the December Term, 1878, the cause came on to be heard upon defendant's motion to dissolve the injunction; in support of which he offered the bill and answer in the original case, the decree therein of June 20, 1872, the motion of Nov. 26, 1877, to strike said cause from the docket, and the cross-motion to amend the record, with the orders of the court thereon, the judgment of the Appellate Court affirming said orders and the assignment of error in said court; and complainant in opposition thereto, introduced the demurrer to the bill in the original cause, filed by Mr. Cratty on July 9, 1868, the suggestion of damages, the motion to set aside the decree thereon, the affidavit of Mr. Ingersoll in support thereof, the minutes of the judge and clerk of an order sustaining said motion by agreement, erased, the motion docket showing entries of various orders in said cause at different terms and that the same remained continuously on the docket until Jan'y 1878, together with affidavits of the judge, clerk, solicitors, sheriff and others. These affidavits are uncontradicted, and fully support the bill in its averments respecting the two agreements between the solicitors, the sustaining of the motion to vacate the decree of June 20, 1872, the entry of the minutes thereof and the erasure of the same. That of the Hon. S. D. Puterbaugh, who was the judge presiding at the time, shows that said minutes in the judge's docket is in his handwriting, and was made at the time in pursuance of an

agreement stated in open court by the solicitors of the parties, and that when, or by whom or why the erasure thereof was made he does not know; that the minute of the order of continuance on the 3d day of July, 1872, is also in his handwriting and that he understood at the time that said decree was vacated and has so understood ever since; and that of Mr. Wilson, who was the clerk of that court, states that the said minutes in his docket are in his handwriting, but when or why the erasure thereof was made he does not know.

The records of the court show that it adjourned for that term on the 6th day of July, 1872. Complainant offered the oral testimony of the clerk to prove that the decree was not entered of record until more than two months after such adjournment, and also that of complainant, together with certain depositions taken and filed in said original cause, touching the right to the rye in controversy, its market value, and the expense incurred in harvesting and marketing it—all of which was refused, and exception to such refusal duly taken.

Upon this hearing the circuit court dissolved the injunction herein, assessed the defendant's damages at $50 upon suggestion filed, and afterwards in the same term dismissed the bill.

Complainant appealed, and upon the record here assigns for error, in divers forms, the dissolution of the injunction and the dismissal of the bill.

Of these two orders, although made at different times, the latter was the immediate sequence of the former; that is to say, no step or proceeding in the cause except the suggestion and assessment of damages, which were incidental and of course, intervened; so that the bill was really dismissed upon the dissolution of the injunction. Was this proper?

It is well understood that where an injunction is the only relief sought, and it is dissolved on motion upon the bill alone, which operates as a demurrer for want of equity and admits all the facts alleged, the order of dissolution is a final disposition of the case, and the formal dismissal of the bill may regularly follow, but not otherwise. Titus v. Mabee, 25 Ill. 257; Wangalin v. Goe, 50 Id. 459; Hammert v. Schwab, 54 Id. 142; Weaver v. Poyer, 70 Id. 567.

In this case it appears to us that the injunction was not the only relief sought.

The bill asked, and stated cause for asking, that the decree of June 20, 1872, which was a cloud as well as an evidence of debt and authority for its collection, be absolutely vacated and the original cause reinstated for hearing upon its merits. In this view the injunction as a remedy was provisional and temporary only, to prevent the intervention of rights of innocent parties, and to be superseded by the vacation of said decree; after which the rights of the parties were to be established as they should be made to appear, and if the equity should be found with the complainant he would be entitled to a decree for his costs therein.

Nor was the motion to dissolve the injunction based upon the bill alone. The order recites that it was heard " upon the bill, answer, replication, affidavits and documentary evidence and proofs adduced by the parties respectively," and allowed, not upon the want of equity in the bill, but " upon the want of equity in the complainant's cause, as exhibited by the said bill and the evidences aforesaid."

It is suggested, however, notwithstanding these recitals, that all the proof offered by defendant, as shown by the certificate of evidence, was in corroboration of the bill, and therefore the hearing and order were in effect upon the bill alone.

As a matter of fact this is by no means clear. If such had been the understanding of counsel or court at the time, it is remarkable that so much evidence on the part of complainant in support of the bill was introduced without objection. But an easy explanation is furnished by the fact that among the documents submitted by the defendant were both of his answers—one denying the equity of the bill in the original cause, which is necessarily involved in this, so fully that upon it the court felt bound to dissolve the injunction therein, and the other in like manner denying all the material averments of the bill in this cause, viz: that the decree in the other was inequitable; that the alleged agreement with Cratty was made; that the court vacated said decree, or intended so to do, and that the erasure of the minutes was unauthorized, or in any

sense accidental. What weight, if any, was given to these deni_ als we do not know, but in their presence it was certainly incumbent upon complainant to support his bill, in default of which the court might well have dissolved the injunction.     If any consideration whatever was due to these answers, or to either of them, or if complainant was properly required to produce any proof whatever in support of his bill, then it was not proper to dismiss it upon such a hearing, even though the injunction might have been rightly dissolved, provided it stated in substance a proper case for the relief prayed.

And this brings us to the main question: does it state such a case?

Appellee insists it does not, upon several grounds.     First, it is said to show on its face that the case is *res adjudicata;* the same relief, upon the same facts, having been denied by the circuit court in another case between the same parties, and its judgment affirmed on appeal.

The application referred to was by motion.     That there are cases in which the court will allow a material amendment of its record upon mere motion made after the lapse of a term, as well as cases in which it will not, admits of no doubt.     It may not be easy to formulate a rule by which to distinguish them; but it seems that where the proposed amendment would directly operate to change materially the terms of the record actually made—to make an existing record materially different in itself from what it is—it will not be allowed upon such a motion. Cook v. Wood, 24 Ill. 295; Smith v. Wilson, 26 Id. 187; McKindley v. Buck, 43 Id. 488; The State Savings Institution v. Nelson, 49 Id. 171; Lill v. Stookey, 72 Id. 495.     And where it would merely show some action of the court really taken, but not recorded, in addition to what is shown by the existing record, and leaving the latter as a record unaffected, it may be allowed upon proper notice and due proof of the unrecorded action, with a saving, of course, of intervening rights.     Church v. English, 81 Ill. 442.     But where, as in this case, the proposed amendment, while not directly changing or affecting the existing record as a record, nullifies, arrests or materially changes its operation, which is the same in legal effect, the

power of the court to allow it upon a mere motion at a subsequent term was perhaps doubted. Furthermore, an amendment of the character secondly above stated, is so allowed only when there is something certain to amend by, as the judge's notes; and if, as in this case, his notes appear to be erased, then whether parol evidence and the memory of witnesses can be admitted to account for the erasure and restore the notes, perhaps was also doubted. But upon whatever ground the order of the circuit court overruling the motion to amend the record of a former term was affirmed—whether for supposed want of power in the circuit court, or of the kind of proof required to justify its exercise—such affirmance is not an adjudication of the question now presented, which is different in that it involves the power of a court of chancery to vacate, change or otherwise amend its record of a former term upon a proper bill for that purpose.

We regard this not as a bill of review (Conover v. Musgrave, 68 Ill. 611), but to impeach a record, on the ground that as it appears it is contrary to equity, and so remains only by reason of a mistake or accident beyond complainant's control—which is a familiar subject of equity jurisdiction. Beams v. Dunham, 2 Scam. 58; Wierich v. DeZoya, 2 Gilm. 388; Propst v. Meadows, 13 Ill. 169; Owens v. Ranstead, 22 Id. 168; Cook v. Wood, 24 Id. 295; McKindley v. Buck, 43 Id. 488; The State Savings Inst. v. Nelson, 49 Id. 171; Higgins v. Bullock, 73 Id. 205; McGehee v. Gold, 68 Id. 216. And here the power is not limited by the character or effect of the amendments sought, nor is the proof upon which it may be exercised confined to that which is documentary, written or certain. It is enough if the amendment be demanded by equity, and the proof is such as to satisfy the conscience of the chancellor.

Again, it is said the bill fails to show that the decree complained of was made through accident, but on the contrary was regularly, purposely and properly made; that the alleged agreement with Cratty was void on its face for want of authority in him to make it, and would have been disregarded by the court if it had been known.

While an attorney or solicitor is not authorized by virtue of

Gillett v Booth.

his retainer to sacrifice any substantial interest or claim of his client without a sufficient consideration enuring to the latter, we think it is within his power as such to simply dismiss a suit or bill, which, in such case, is without prejudice. If he does it, the court will presume either that he is expressly authorized, or that in the exercise of the discretion with respect to the conduct of the case which is vested in him by his retainer, he is warranted in so doing. So, if he expressly agrees with the adverse party to do it, and thereby induces him to withdraw his attention, a decree afterwards taken *ex parte*, and in violation of such agreement, would be a fraud upon him, and therefore not allowed to stand.

But the Cratty agreement is of little or no importance here. The bill shows that another was subsequently entered into, which was sanctioned by the defendant with full understanding, stated in open court, and made the foundation of an order actually entered upon its minutes, whereby said decree was vacated; that this order was not recorded only because said minute of it upon the dockets of the judge and clerk was erased, and that the erasure was made without authority from the court by some person to the complainant unknown. If it was by the defendant or his procurement it was a fraud; if by a stranger, then as between the parties to the suit, it was an accident. Its immediate effect was to leave an incomplete record, showing a decree against the complainant for $390 damages, in full force and effect, which a true and full record of the proceedings of the court would have shown to be vacated.

We perceive no reason why a record may not be impeached as well for not containing what it ought as for containing what it ought not. In this case it may be put either way: that it contains a decree against complainant for $930 as it ought not, or does not contain an order vacating said decree as it ought. Nor can it make any difference whether the accident was the cause of the record as it stands, or only of its so remaining when it ought not. The question is whether as it stands it is inequitable and injurious to complainant, and the result of accident without fault or laches on his part. If so, it is impeached and ought to be vacated or amended.

We discover no evidence of laches on his part. On the next day after the decree was made, and long before it was entered of record, he took measures to have it set aside, and in the same term obtained an order of court to that effect. He was not required to follow the clerk and see that it was made of record.

For the reasons above stated, we are of opinion that the bill should have been retained and the injunction continued in force.

The decree of the circuit court is reversed, and the cause remanded for further proceedings not inconsistent herewith.

Reversed and remanded.