THE ST. LOUIS BRIDGE COMPANY

*v.*

EDWARD P. CURTIS *et al.*

*Filed at Mt. Vernon June 21, 1882.*

1. DESCRIPTION— *of property conveyed by deed.* It is a rule of uniform application that to pass a thing granted it must be embraced in a general or specific description, and the description must be such as to distinguish it from all other things. The property may be identified by extraneous evidence, but the description in the grant can not be enlarged or restricted by such evidence. Where there is a general and a specific description, the latter must control.

2. Effect must be given to a deed according to the intention of the parties, as ascertained from the language they have used; but it is a well established rule of construction that when the description of the property intended to be conveyed includes several particulars, all of which are necessary to ascertain the land to be conveyed, no land will pass except such as will agree with the description in every particular.

3. Thus, where a deed describes the premises conveyed as a certain bridge, by its name, then in course of construction, together with the approaches thereto on both sides of the river, and being a strip fifty feet in width, describing such strip, together with all franchises and privileges held by the grantor company by its charter, the grant will be confined to the bridge itself,

the approaches thereto, and the company's franchises and privileges, and all other property owned by the grantor will be excluded, and will not pass.

4. A deed of trust by a bridge company described the property conveyed as the bridge named, "and also all and singular such pieces or parcels of land occupied by the railway track, culverts, bridges, trestles and other structures thereon, of such bridge company, as now are or hereafter shall be acquired by said party of the first part, for the purpose of laying thereon railway tracks, to connect or make junction between the railway tracks on said bridge and the railway track or tracks of any other corporation or corporations, person or persons, in or about East St. Louis, together with all and singular the tenements, hereditaments and appurtenances to several lots, strips, pieces and parcels of land belonging or of right appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof; and also all rights of way, easements, licenses and claims to or for the use and occupation of the same, and also all the estate, right, title, interest, property, possession, claims and demand whatsoever, as well in law as in equity, of the said party of the first part, of, in and to the above described premises, and every part and parcel thereof, with the appurtenances:" *Held*, that this description did not embrace land and lots of the bridge company not at the time or since occupied for the purposes named in the deed, or appropriated to such purposes then or since.

5. SAME—*words "tenements, hereditaments and appurtenances."* In such a conveyance the words "tenements, hereditaments and appurtenances," apply to the property previously described, and not to property not before enumerated, and the same is true of the reversions, remainders, rents, issues and profits, which words are expressly confined to the property before described.

6. SAME—*what passes as an appurtenance.* One piece of land held in fee, or by a lesser title, can not be appurtenant to another tract. Nothing can properly be appendant or appurtenant to anything, unless the principal or superior thing be of perpetual subsistence and continuance. An incorporeal hereditament or an easement may be an appurtenance, and pass as such by a grant of the principal to which it is appurtenant.

7. EASEMENT—*what constitutes.* An easement can only consist of the privilege upon or in the land of another, such as a right of way and the like. From its nature a person can never have an easement in his own land.

8. GRANT—*of franchise, does not carry tangible property.* The tangible property of a corporation does not pass as an incident or accession on the sale of the franchise.

APPEAL from the Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding.

Messrs. G. & G. A. Koerner, for the appellant:

The first three parcels of land in question were acquired by the old bridge company in 1869, by condemnation, they being assessed at $28,975. The condemnation proceedings being had previous to the constitution of 1870, were governed by the law then in force. *Peoria and Rock Island R. R. Co.* v. *Bickett,* 62 Ill. 332; *Emerson* v. *W. U. R. R. Co.* 75 id. 176.

Under the law then in force an absolute fee passed on payment of the damages assessed. Act 1852, sec. 1; Gross' Stat. p. 661, sec. 13.

The mortgages of 1870 and 1871, in terms, both covered future acquisitions of the company. The new acquisition can be an easement as well as a fee,—an incorporeal right, appurtenant to the principal thing, as well as an addition to it, or an enlargement of it. *Williams* v. *New Jersey Southern R. R. Co.* 29 N. J. Eq. 311; *Stevens* v. *Watson,* 4 Abbott, (N. Y.) 303.

That land and buildings may pass as appurtenances to other land, when necessary to the enjoyment of the principal land, see 2 Washburn on Real Estate, sec. 626, subdivision 36, (2d ed.) p. 668, and authorities there cited in note 4; *Smoking Valley R. R. Co.* v. *Livermore,* 47 Pa. St. 465.

A railway company having statutory authority to take land by condemnation for the purposes of their undertaking, may take sufficient to provide for future requirements which may be reasonably contemplated. And the fact that a portion of the land so taken is not immediately used for railway purposes, but is let on lease, is not conclusive evidence that such portion is superfluous land. L. R. 8 Exch. 294; L. R. 2 H. L. 27.

It does not matter that in acquiring the land the bridge company may have intended to devote it to a purpose other than that to which in fact it did apply it, provided that both

are corporate purposes. The actual use for any corporate purpose suffices. *Peoria R. R. Co.* v. *Railroad Co.* 66 Ill. 174.

In any case, the right of the complainant to an easement upon the parcels of land in question must be conceded. An easement would pass as an appurtenance. *Kuhlman* v. *Hecht,* 77 Ill. 570.

The covenants contained in the two original mortgages and supplemental deed, respecting future acquisitions and further assurances, passed to and vested in the plaintiff. *Phelps* v. *Kellogg,* 15 Ill. 131; *Dorsey* v. *St. Louis, Alton and Terre Haute R. R. Co.* 58 id. 65; *Sterling Hydraulic Co.* v. *Williams,* 66 id. 399.

Messrs. Wilderman & Hamill, for the appellees:

The premises in question did not pass as appurtenant to the bridge and the lands on which it is situated. Land can not be appurtenant to land, or pass with it as belonging to it. *Gebhardt* v. *Reeves,* 75 Ill. 301; 2 Washburn on Real Prop. * 626.

When a tract of land is granted by an accurate description, giving it a definite and limited boundary, another tract not mentioned in the deed will not pass as appurtenant to the tract thus described. *Gebhardt* v. *Reeves, supra; Chicago* v. *Rumsey,* 87 Ill. 348; *Wilcoxon* v. *McGhee,* 12 id. 381; *Harris* v. *Elliott,* 10 Pet. 54; *Jackson* v. *Hathaway,* 15 Johns. 454; *Leonard* v. *White,* 7 Pick. 6; *Grant* v. *Chase,* 17 Mass. 443; *Parsons* v. *Johnson,* 68 N. Y. 62; 2 Washburn on Real Prop. * 626.

The terms used by the various conveyances to Humphreys and others, trustees, in describing the tracts and parcels of land conveyed by the various conveyances, are restrictive, and exclude from their operation the lots in question, and they did not pass. The maxim, *falsa demonstratio non nocet,* has no application. *Griscom* v. *Evens,* 40 N. J. L. 402; *Jack-*

*son* v. *Sill*, 11 Johns. 201; *Homer* v. *Homer*, 8 Ch. Div. 758; same case, 25 Eng. (Moak's ed.) 660; Broom's Legal Maxims, *562, *563, *570; *Jackson* v. *Harder*, 13 Johns. 531; *Jackson* v. *Clark*, 7 id. 218; *Farmers' Loan and Trust Co.* v. *Commercial Bank*, 11 Wis. 207; *Dinsmore* v. *Racine and Miss. R. R. Co.* 12 Wis. 649; *Dennison* v. *Holliday*, 38 E. L. & Eq. 529; Jones on Railroad Securities, sec. 126; *Slingsby* v. *Grainger*, 7 H. L. 273; *West* v. *Lawday*, 11 id. 375; *Pullin* v. *Pullin*, 3 Bing. 47; *Doe* v. *Lyford*, 4 M. & S. 550; *Hall* v. *Combes*, Cro. Eliz. 368; *Clay* v. *Barnaby*, 2 Rolle's Abr. 51; *Wilson* v. *Mount*, 3 Ves. Jr. 191; *Doe* v. *Bell*, 8 D. & E. 579; *Roe* v. *Vernon*, 5 East, 51; *Doe* v. *Parkin*, 5 Taunt. 321; *Barnard* v. *Martin*, 5 N. H. 536; *Allen* v. *Richards*, 5 Pick. 512; *Brown* v. *Saltonstall*, 3 Metc. 423.

The tangible property and franchise do not constitute and pass as an entire thing by a grant of the franchise. Jones on Railroad Securities, secs. 124, 125, 126, 168; *Sangamon and Morgan R. R. Co.* v. *Morgan Co.* 14 Ill. 163; *Dinsmore* v. *Racine and Miss. R. R. Co.* 12 Wis. 649; *Hunt* v. *Bullock*, 23 Ill. 320; *Titus* v. *Mabee*, 25 id. 257.

There are no facts shown in the case upon which to predicate a legal or equitable claim to an easement in the premises in controversy. *Morrison* v. *King*, 62 Ill. 30; Goddard on Easements, pp. 121–127; *Parsons* v. *Johnson*, 68 N. Y. 62; *Butterworth* v. *Crawford*, 46 N. Y. 353; *Grant* v. *Chase*, 17 Mass. 443; *Johnson* v. *Jordan*, 2 Metc. 234; *Fetters* v. *Humphreys*, 19 N. J. Eq. 471; *Barns* v. *Loach*, 4 Q. B. 494; 29 Eng. R. (Moak's ed.) 35.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill filed by appellant, to enjoin a sale of certain real estate situated in East St. Louis, under a deed of trust, and to have it declared a cloud on complainant's title.

The material facts of the case are, that the Illinois and St. Louis Bridge Company, after it had commenced erecting

the bridge, issued its bonds for money borrowed, and gave a deed of trust on the bridge and its approaches, right of way, etc., to secure the same. It, however, did not embrace the property involved in, this controversy. Afterward, to secure another loan, the company executed another trust deed on the same property. On the 2d day of February, 1874, the company made a supplemental deed of trust to better secure the payment of the bonds, and to effectuate the purposes of the prior deeds of trust. This deed described the bridge and property embraced in the prior deeds, and included several other lots of ground particularly described, but it does not in terms embrace the property involved in this case. It contained a full description of the property named, and a covenant for further assurance. In the month of October, 1874, the. bridge company, being indebted to the National Bank of Missouri in the sum of $52,548.83, executed a deed of trust to one Curtis, and conveyed to him the property in controversy, to secure its payment. The bank afterwards became insolvent, and its affairs were placed in the hands of defendant Johnson, as receiver, and the debt the deed of trust was given to secure not. having been paid, Curtis, at the request of Johnson, advertised the property for sale, in pursuance of the powers contained in the trust deed, and complainant, claiming to have acquired the title and to be the owner, filed this bill to enjoin the sale, and to have the claim of appellee thereto declared invalid, and removed as a cloud on its title, and to have it quieted. The Illinois and St. Louis Bridge Company having failed to pay the bonds secured by the trust deeds, proceedings were instituted, and by a decree of court they were foreclosed, and the property sold, and purchased by one A. J. Thomas; and he, on the 9th day of March, 1879, conveyed the same to complainant, and it has been and now is in possession of the property thus sold. Defendants answered, and on the hearing evidence was heard, and the court dissolved the injunction and dismissed the bill,

and from that decree complainant appeals and urges a reversal.

These facts present the question whether appellant is the owner of the lots described in the bill. It is claimed on the one side that it is, and denied on the other. If the company holds title, it is through the deeds of trust and the master's sale under the decree of foreclosure, as title is claimed from no other source. It is not claimed that this property is described in the deeds of trust given to secure the bonds, by metes and bounds, by numbers, or by any other specific designation, but it is claimed that the description, especially in the supplemental deed, is sufficiently broad and comprehensive to embrace them, and, being so, the title passed to complainant. It is a rule of uniform application that to pass a thing granted it must be embraced in a general or specific description, and the description must be such as to distinguish it from all other things; but in identifying the property granted, it may be shown by extraneous evidence, but the description in the grant can not be enlarged or restricted by such evidence. When, as is generally true, there is a general and a specific description, the special description must control. When it is said in the deed that a grantor conveys a quarter section of land situated in a county and township named, this is the general description; but if taken alone it passes nothing, because there are many tracts within the boundaries named that would fully answer the description, and, not being distinguished from these other tracts, it could not be located, and nothing would pass by the deed. But when the description proceeds to further describe the tract as being in a particular section, and locates it in a specified part of the section, by the government surveys or by metes and bounds, this particular description distinguishes this particular tract from all others, and is complete. Effect must be given to the deed according to the intention of the parties, as ascertained from the language they have employed

to express that intention; and it is an admitted and well established rule of construction, that when the description of the property intended to be conveyed includes several particulars, all of which are necessary to ascertain the land to be conveyed, no land will pass except such as will agree with the description in every particular.    Broom's Legal Maxims, (4th ed.) *497.    This rule is found in the earliest English reports, and has been adopted by a multitude of modern decisions in both Great Britain and this country, nor has its correctness ever been challenged.

Tested by these rules, the property only specially described can be held to have passed by the first three trust deeds. The first and second trust deeds described the premises conveyed as the bridge then in course of construction, together with the approaches to the bridge on both sides of the river, and being a strip fifty feet in width (describing these strips), together with all franchises and privileges acquired by the company by its charters.    This description confines the premises granted to the bridge itself, the approaches thereto, and its privileges and franchises.    These are the only subjects named, and all others not named in the particular description must be excluded, and under the rule did not pass to the grantee.

But it is claimed that the supplemental deed enlarged the description so as to embrace the property in controversy. After describing the bridge, it contains this clause: "And also all and singular such other pieces or parcels of land *occupied by the railway tracks, culverts, bridges, trestles and other structures thereon of said bridge company,* as now are or hereafter shall be acquired by said party of the first part, for the purpose of laying thereon railway tracks to connect or make junction between the railway tracks on said bridge and the railway track or tracks of any other corporation or corporations, person or persons, in or about East St. Louis, together with all and singular the tenements, hereditaments and

27—103 ILL.

appurtenances to said several lots, strip, pieces and parcels of land belonging or of right appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof, and also all rights of way, easements, licenses and claims to or for the use and occupation of the same, and also all the estate, right, title, interest, property, possession, claims and demand whatsoever, as well in law as in equity, of the said party of the first part, of, in and to the above described premises, and every part and parcel thereof, with the appurtenances." This description is not sufficiently comprehensive to embrace the property named in the bill, nor is there any other that does. It embraces all land occupied by the railroad tracks, culverts, bridges, trestles and other structures thereon, of the company, and the evidence shows that at that or at the present time none of the lots in controversy were or are occupied for any of the purposes named, and failing to fall within that description they must be excluded from it. Nor were these lots subsequently acquired for the purpose of laying tracks to connect with the tracks of other corporations. The company then owned these lots, nor has it ever appropriated them to such purposes, and the words "tenements, hereditaments and appurtenances" apply to the property previously described, and not to property not before enumerated. The language employed so limits them in express terms, and the same is true of the reversions, remainders, rents, issues and profits, as they are expressly confined to the property before described. This enlarged description does not in general or specific terms embrace this property, as it is nowhere in any manner described as intended to pass by any of these deeds.

But it is insisted that the lands passed as an easement, or as appurtenant to the bridge. There can be no plainer proposition than that one piece of land held in fee or lesser title can not be appurtenant to another piece of land. Lord Coke, in his Commentaries on Littleton, p. 121, sec. 184,

says : "A thing corporeal can not be appendant to a thing corporeal, nor a thing incorporeal to a thing incorporeal, but things incorporeal, which lie in grant, * * * may be appendant to things corporeal." He further says, "that nothing can be properly appendant or appurtenant to anything unless the principal or superior thing be of perpetual subsistence and continuance. Land can not, therefore, be appurtenant to other land, but an incorporeal hereditament may. So of an easement, which is appurtenant." As to the first proposition, see *Cassell* v. *Buzard,* 6 Bing. 141, (8 Barn. & Cress. 150,) which announces the doctrine. The books abound in cases illustrating the rule. It then follows that the lots in controversy did not, and could not, pass as appurtenances to the conveyance of the bridge, its approaches, tracks, culverts, and connections with other roads, etc. Complainant therefore did not acquire title by that means.

It is said the lots described in the bill were used as an easement for the use of the bridge. An easement can only consist of a privilege upon or in the land of another, such as a right of way, and the like. From its nature a man can never have an easement in his own land. Having the exclusive and the whole uninterrupted right to its enjoyment, he can in no sense have an easement connected with it.

It is also claimed that the sale of the bridge and its approaches carried with it all property held by the bridge company. This is rebutted by the particular description of what was sold. But even if that were not so, unless it had been so stated in the grant it would not be embraced. This is the doctrine of this court, settled by a number of cases. It is held that the tangible property of a corporation does not pass as an incident or accession on the sale of the franchise. *Sangamon and Morgan R. R. Co.* v. *Morgan County,* 14 Ill. 163 ; *Hunt* v. *Bullock,* 23 id. 320 ; *Titus* v. *Mabee,* 25 id. 257. This doctrine is supported by the decisions of other courts, and it is based on reason and justice.

· In any view in which the case has been presented, we are unable to perceive that appellant has any title to the property, whether in fee or by a lesser estate; and having no title to be clouded, the bill will not lie, and the court below decided correctly in dismissing the bill, and the decree of that court must be affirmed.

*Decree affirmed.*