## Joseph F. Enk v. John J. McCaffrey et al.

### Gen. No. 12,769.

1. DISMISSAL—*when improper upon dissolution of injunction.*
Upon dissolving an injunction granted in a cause in which other re-
lief, than by injunction, is sought, it is error for the court, upon its
own motion, to dismiss the bill.

Bill for injunction. Appeal from the Circuit Court of Cook
county; the Hon. JOHN L. HEALY, Judge, presiding. Heard in this
court at the October term, 1905. Reversed and remanded. Opinion
filed October 8, 1906.

**Statement by the Court.** This is an appeal from
a decree of the Circuit Court dismissing a bill filed
by appellant against appellees, at appellant's costs.
The bill was filed August 18, 1905, and alleges, in
substance, as follows: The appellee, A. D. Lutz, was,
March 31, 1905, the owner of property known as 1794
Thirty-sixth street, in the city of Chicago, with the
appurtenances, and, at said date, executed to com-
plainant a written lease of the same, to run from said
date till April 30, 1906, and put complainant in pos-
session of said premises, and complainant is now in
possession of the same, and peaceably and without
disturbance occupied the same until August 4, 1905.
There is situated on said premises a frame house used
by complainant as a dwelling, and a barn in the rear
of said house is also used by complainant, and there is
some vacant property in connection with said prem-
ises which complainant has used and tilled for garden
purposes, and until August 4, 1905, had growing
thereon various vegetables and garden stuff. August
4, 1905, defendants entered on said premises and are
destroying the same and have threatened to tear down
the barn and other property in connection with the
said described premises, to the irreparable injury of
complainant.

It is provided in said written lease that complainant is to have peaceable possession of the demised premises for one year unless said Lutz should sell the same, and in case of sale complainant to have 60 days' notice, in writing, before being required to vacate and surrender any part of said premises. August 8, 1905, said Lutz served notice on complainant that he had sold the premises to defendant A. J. Schoenecke, who intended to take immediate possession thereof, and complainant has been informed and believes, and states the fact to be, that said Schoenecke has contracted with John McCaffrey, Edward S. Snyder and F. Carney, defendants, to excavate the premises for building purposes, which, if permitted, will commit irreparable injury to complainant.

The prayer is for general relief, for process and for an injunction restraining all of the above named defendants from interfering with the complainant in the peaceable possession of the premises known as 1794 Thirty-sixth street, and the appurtenances thereunto belonging, and from excavating or destroying any property on said premises, or removing any property from the same. The written lease is an exhibit to the bill and describes the demised premises thus: · "The premises in the city of Chicago known and described as follows: the two-story frame residence and appurtenances thereunto belonging, known as No. 1794 36th street, in the city of Chicago, aforesaid, to be occupied for dwelling and for no other purpose whatever." The bill is verified by complainant's affidavit, and on his affidavit that his rights would be unduly prejudiced if an injunction should not issue immediately, without notice; and on the master's recommendation an injunction was ordered and issued as prayed, without notice. August 23, 1905, the defendants filed their appearance, and August 31, 1905, complainant, by leave of the court, filed an amendment of his bill, in which it is alleged in

substance as follows: The premises described in said lease as "the two-story frame residence and appurtenances thereunto belonging known as No. 1794 36th street, in the city of Chicago," consist of two lots, each about 25 feet wide, which are known as lots 71 and 72, in Weston's subdivision of block 1 of J. H. Rees' addition to Brighton, being a subdivision in the N. W. ¼ of the S. W. ¼ of section 31, T. 39, N. R. 14 E. of the 3rd principal meridian, in Chicago, Cook County, Illinois. The lots are adjacent and enclosed in a common fence, and the building occupied by complainant is situated on the easternmost lot. The barn is on the rear part of both lots, and within the same enclosure, and the lots and improvements constitute one messuage. The residence building is marked 1794. In numbering buildings in Chicago a number is given for each 20. feet of street frontage, and the western lot, if a building were placed thereon and numbered, would be 1796 or 1798. Where property is improved by a building, the street number of the building is frequently used, and was in this case used to designate the entire messuage on which the building is situated. "That by the mutual mistake and error of said A. D. Lutz and his agent, one P. A. Hines, and said Joseph F. Enk, the premises demised by said lease, which premises were said entire messuage, residence building and appurtenances, were therein incorrectly, inaccurately and erroneously described as No. 1794 36th street, when the same should have been described, and are correctly described, as said lots 71 and 72, hereinbefore described, together with the residence building and barn and improvements thereon, and thereunto appertaining. That the property actually leased by said lessor and surrendered by him to said lessee, and the property actually received and taken possession of by said lessee under said lease at or about the time of the date thereof, that is, on or about April 1, 1905, and the property actually demised

by said lessor to said lessee and intended to be described in said lease was and is said messuage fifty feet in width fronting on said West 36th street in said city and known on the public records of said county as said lots 71 and 72, together with said residence, and barn, and appurtenances, which messuage the said lessee, with the full consent and knowledge of the said lessor, held full, complete, open and notorious possession of from about the time of making said lease until the forcible entry thereon by said defendants on or about the 4th day of August, 1905.''

It does not appear from the public records of Cook County that said premises have been sold since June 14, 1897, and complainant charges, on information and belief, that no sale thereof has been made since said date; but said defendants fraudulently pretend and give out that there was a sale to defendant Schoenecke. August 4, 1905, said defendants forcibly entered on said westernmost lot and commenced to and did dig and excavate trenches, as if for the foundation of a building, and, after so entering, and about August 8, 1905, served on complainant the following notice:

"Chicago, August 2, 1905.

Mr. Joseph F. Enk,
    1794 W. 36th St., Chicago.

Dear Sir:—

I regret to notify you that I have this day sold to August J. Schoenecke the premises now occupied by you at the above number. It is the intention of the purchaser to take immediate possession, and therefore I am obliged to give you notice in accordance with the terms of the lease, that the lease is cancelled from this date, and possession is asked in sixty days from this date, or as soon as possible for you to vacate.

Regretting the necessity of this action, I am,

                Yours very truly,
                        D. LUTZ,
                By J. H. Waters, Agent.

I hereby concur in the above notice.

                AUGUST J. SCHOENECKE.''

Rent has been paid by complainant and accepted by said Lutz for said messuage, and the parties to said lease, by their acts, construed the same to mean that said entire messuage was demised by said lease. The original bill is further amended by adding to the prayer for general relief the following: "And that said lease may be reformed and corrected, and made to read in accordance with the true intent of the parties thereto, as this court may find the same to be, and so that the property therein described shall be one messuage, consisting of said lots seventy-one and seventy-two aforesaid, and the residence and barn thereon and improvements appurtenant thereto." The amendment is verified by the affidavit of complainant's solicitor, who swears as of his own knowledge. The defendants did not answer, but August 31, 1905, when the complainant filed his amendments to the bill, they moved the court to dissolve the injunction, on the ground that the bill showed no equity. The court ordered as follows:

"On motion it is ordered that leave be and the same is hereby granted said complainant to file an amended bill herein instanter, and it is further ordered that the motion made herein by said complainant to vacate the order heretofore entered herein, modifying the injunction heretofore granted herein, be and the same is hereby denied. And on motion of defendants it is ordered that said injunction be and same is hereby dissolved and the bill in this cause dismissed for want of equity at complainant's costs."

F. J. KARASEK, for appellant; I. T. GREENACRE, of counsel.

EDWARD R. LITZINGER and GOLDSMITH & MORRIS, for appellees.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

The motion to dissolve the temporary injunction

must be considered as applying to the bill as amended, and two questions are presented for decision: First, whether the court erred in dissolving the injunction; and, second, whether it was error to dismiss the bill.

From the amended bill it appears that the demised premises were described in the lease as "the two-story frame residence and appurtenances thereunto belonging, known as No. 1794 36th street, in the city of Chicago, aforesaid, to be occupied for dwelling and for no other purpose." It also appears that the legal description of the lot on which the demised building is situated is lot 72 in Weston's subdivision of block 1, etc., and that the lot next west of lot 72 is lot 71, in the same subdivision, which latter lot complainant claims to have been demised as part of what he calls the messuage. While it may be plausibly claimed that the demise of the dwelling house on lot 72 includes that lot, we cannot understand how it can be reasonably contended that it includes lot 71. Lot 71 is not described in the lease in terms, nor is it included in the description given. It could not pass as an appurtenance of lot 72, because "one piece of land held in fee, or by a lesser title, cannot be appurtenant to another piece of land." St. Louis Bridge Co. v. Curtis, 103 Ill. 410, 418. The lease expressly provides that the demised premises, number 1794 36th street, shall be used solely for a dwelling. We do not regard the allegations that lots 71 and 72 were enclosed by a fence and that lot 71 was vacant, and that complainant cultivated vegetables on it, as of any significance as affecting complainant's rights. If he could claim lot 71 because vacant and enclosed with lot 72, on the same principle he might claim his lease included all lots in the subdivision, if they were all enclosed by a single fence, and except lot 72, vacant. He had no legal right under the terms of the lease, including the description of the demised premises, to cultivate vegetables on lot 71, and it is not averred that the defendant Lutz, even knew of this. No entry has been made or threatened by any of the defendants on lot 72.

Considering the entire bill as amended, we are of

opinion that the court did not err in dissolving the temporary injunction, which was granted on the original bill. But the bill, as amended, is not solely for an injunction. It is a bill to reform the lease, so that the description of the demised premises therein shall be as it is averred the parties intended. It is averred in apt words that the parties to the lease made a mutual mistake in describing the premises intended to be demised and what their intention was, namely, to include lot 71 in the description, and reformation is prayed in accordance with the alleged intention. On proof of these allegations, which appear in the statement preceding this opinion, there can be no question of the power of the court to reform the lease as prayed. As said in Kelly v. Galbraith, 186 Ill. 593, 606, "That a court of equity has jurisdiction to reform a written instrument upon the ground of mistake is too well settled to need discussion." The bill not being solely for an injunction, but also for reformation of the lease, it was error to dismiss the bill on dissolving the injunction. Hummert v. Schwab, 54 Ill. 142; Brockway v. Rowley, 66 ib. 99; Gillett v. Booth, 6 Ill. App. 423; Martin v. Jamison, 39 ib. 248, 256.

In Gibbs v. Davis, 168 Ill. 205, the court say: "The rule is, where a bill contains a prayer for special relief and also a prayer for general relief, the complainant may be denied a decree for the relief specially prayed for, and, under the general prayer, be granted such relief as he may be found entitled to have, under the allegations of fact made in the bill and the proof in support thereof." Ib. 211. In this case there is in the amended bill not only a prayer for general relief, but a special prayer for reformation in accordance with the averments of the bill.

The court appears to have dismissed the bill of its own motion, as the record before us shows that the motion of the defendants was merely to dissolve the injunction, which motion operated only as an oral demurrer to the amended bill.

The decree, in so far as it dismisses the bill, will be reversed and the cause will be remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*