## William J. Sheldon, Appellee, v. J. A. Sutherland, Appellant.

### Gen. No. 26,533.

1. FORCIBLE ENTRY AND DETAINER—*time for bringing suit under notice.* A forcible detainer suit was prematurely brought on May 1, where the owner served a notice on the holdover tenant from year to year, more than 60 days before April 30, demanding possession not later than May 1, as such notice gave the tenant until midnight of said May 1 to vacate.

2. LANDLORD AND TENANT—*sufficiency of notice as termination of lease of entire premises.* A notice demanding possession of only "the store" at a stated number was insufficient to terminate a lease of the first floor and basement and the shed adjoining the rear of the building in question.

Appeal from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1920. Reversed. Opinion filed November 29, 1921.

TENNEY, HARDING & SHERMAN, for appellant; HORACE KENT TENNEY and HARRY A. PARKIN, of counsel.

HARRIS, REINHARDT & VANIER, for appellee; HARRY C. LEVINSON and LEO W. HOFFMAN, of counsel.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

On May 1, 1920, plaintiff filed a complaint in forcible detainer before a justice of the peace in which he alleged that he is entitled to the possession of certain premises, viz.: "Storerooms known as Nos. 113 and 115 Marion Street in the Village of Oak Park," Cook county, Illinois, and that defendant "unlawfully withholds" the possession thereof from him. On the same day a summons was served upon the defendant. On May 6, 1920, there was a hearing before the justice resulting in a judgment that plaintiff recover of the defendant the possession of the premises mentioned in the complaint. Defendant perfected an appeal to the circuit court of Cook county, and on July 16, 1920, there was a trial *de novo* in that court before a jury. They returned a verdict finding defendant "guilty of unlawfully withholding from the plaintiff the possession of the premises described in plaintiff's complaint," and on August 16, 1920, the court, after overruling defendant's motions for a new trial and in arrest of judgment, entered judgment that plaintiff have restitution from defendant of said premises, that a writ of restitution issue and that plaintiff recover his costs. Defendant by this appeal seeks to reverse the judgment.

The following facts are disclosed from the evidence: On March 20, 1916, Robert A. and Charles R. Lackey, by written lease of that date, demised "the first floor and basement and shed adjoining the rear of the building known as premises Nos. 113 to 115 Marion street, Oak Park, Illinois," to defendant for a term of one year, beginning May 1, 1916 and ending April 30, 1917, at a rental of $1,260, payable at the rate of $105 per month. Upon the expiration of said term defendant continued to occupy the premises without interruption, as a tenant from year to year, and was so occupying them on February 17, 1920, upon the same terms and for the same rental, when plaintiff, purchaser of the premises from the Lackeys on January 31, 1920,

served the following paper or notice, dated February 17, 1920, upon defendant, signed by plaintiff by an agent:

"I hereby demand possession on or before May 1st, 1920, of the following premises, to-wit:

"The store at 113-115 Marion street, Village of Oak Park, Cook County, State of Illinois; I being entitled to the possession thereof not later than May 1st, 1920."

On May 1, 1920, while defendant was still in possession of the premises, and before that day had expired on which defendant had been notified to vacate, plaintiff filed his complaint in forcible detainer before said justice of the peace and defendant was served with a summons.

. Counsel for defendant contended in the circuit court, and here contend as grounds for a reversal of the judgment of that court, that the said notice was insufficient to support the judgment (1) because it is not a "notice to quit," or a notice of the "termination" of the lease, being merely a demand for possession of the premises; (2) because the notice, even if otherwise sufficient, did not purport to terminate the lease until midnight of May 1, 1920, and that all that day defendant was in lawful possession of the premises and did not on that day "unlawfully withhold" the possession thereof from plaintiff as charged in the complaint, and that, hence, plaintiff's action was prematurely brought; and (3) because the notice did not properly terminate the lease as to all of the premises mentioned in the lease, in that said notice covered only "the store at 113-115 Marion street," while the lease demised "the first floor and basement and shed adjoining the rear of the building known as premises Nos. 113 to 115 Marion street."

All three points have been elaborately discussed by counsel for the respective parties in their printed briefs and arguments here filed and we have been favored with oral arguments. We have reached the

conclusion that the judgment of the circuit court must be reversed because the action was prematurely brought and because the notice did not include all of the premises mentioned in the lease. We deem it unnecessary, therefore, to consider the first point raised by defendant's counsel.

In *Bedell v. Clark*, 151 Ill. App. 419, the landlords commenced an action of forcible detainer by complaint filed with a justice of the peace on September 1, 1908, to recover certain premises then in the possession of a tenant who had been a tenant from month to month and entitled, under section 6 of the Landlord and Tenant Act [Cahill's Ill. St. ch. 80, ¶ 6], to a 30 days' notice in writing of a termination of the tenancy. On July 29, 1908, the landlords caused to be served on the tenant a written notice to quit and to deliver possession of the premises on September 1, 1908. On August 1, 1908, the landlords, collected the rent for said month of August. On the trial before the justice a judgment was entered against the tenant for the recovery of the premises, and on a trial *de novo* before the county court of Wabash county a similar judgment was rendered, and the tenant appealed to the Appellate Court for the Fourth District. In reversing the judgment, the Appellate Court in its opinion said (pp. 421-2) that the only question was whether or not the suit had been prematurely brought; that if the landlords had desired to terminate the tenancy at the end of the month of August the notice should have been given to the tenant for him to surrender on the last day of August, as that month would expire on that day at midnight; and that that was the latest date the notice should have specified to enable the landlords to bring their suit on September 1, 1908. The court further said (p. 423):

"The notice specified definitely that the appellant was to deliver up the possession of these premises on the first day of September, the very day this suit was

brought for possession. It is not sufficient to say that the suit could have been maintained if the notice had specified a day earlier for the delivery of possession, and that the tenant understood his tenancy was intended to be terminated at the end of the period to which he had paid rent. Neither is it sufficient that the notice may give more days' notice than was required. It fixed the date of delivering up possession on a day certain, September 1, 1908; and the appellant by that notice had the whole of that day in which to deliver the premises or vacate them, that is, until midnight of that day, and the suit was therefore prematurely brought.''

We think that the holdings in the *Bedell* case are decisive of the question that the present action was prematurely brought. The tenancy of the defendant in the present case was clearly one from year to year, though the rent was paid monthly, and such tenancy, in order to terminate it, required a proper notice in writing to be served upon the defendant at least 60 days prior to April 30, 1920 (section 5, Landlord & Tenant Act [Cahill's Ill. St. ch. 80, ¶ 5]). As in effect said in the *Bedell* case, if the plaintiff desired to terminate the tenancy at the end of the year (April 30, 1920) the notice should have been given to the defendant for him to surrender on April 30, 1920, as that at least was the latest date the notice should have specified to have enabled the plaintiff to have brought the suit, as he did, on May 1, 1920. Although the notice was served more than 60 days prior to April 30, 1920, the plaintiff therein demanded possession ''on or before May 1st, 1920.'' After the service of this notice the defendant paid the rent for the months of March and April, 1920. By the notice defendant was given until midnight May 1, 1920, to vacate. In *Richardson v. Ford,* 14 Ill. 332, 333, it is said: ''Where an act is to be done on a particular day, the party has the whole of that day in which to perform it.'' And we do not think that the use of the words ''*on or before*

May 1st" makes any difference. Defendant was not required to vacate before the expiration of that day, May 1st, and before said day had expired the present suit was commenced and defendant served with summons.

As to the third point raised by defendant's counsel, it is to be observed that by the terms of the original lease the demise was "the first floor and *basement* and *shed adjoining the rear of the building* known as premises Nos. 113-115 Marion Street." The notice in question demanded possession only of "the store at 113-115 Marion Street." In 2 Taylor's Landlord and Tenant (9th Ed.), ch. XI, sec. 483, where the subject of notice to quit is under discussion, it is said: "The notice must include all the premises held under the same demise; for a landlord cannot determine the tenancy as to a part of the thing demised, and continue it as to the residue." In the English case of *Doe d. Morgan v. Church,* 3 Campbell's Rep. 71, decided in 1811, Le Blanc, J., said (p. 73): "If there be a joint demise of land and tithes at a joint rent, it is clear that the landlord cannot determine the tenancy as to the land, without at the same time determining it as to the tithes"; and that "he was inclined to think that, although the tenant had only a license to take the tithes, the notice ought to extend to them." In the present case, we do not think that the notice demanding possession only of "the store" at 113-115 Marion street can properly be construed to include the "basement" and the "shed adjoining the rear of the building" known as Nos. 113-115 Marion street, and hence, in our opinion, the notice was insufficient to terminate the lease as to the entire premises.

For the reasons indicated the judgment of the circuit court is reversed.

*Reversed,*

BARNES and MORRILL, JJ., concur.