(No. 24859.—

GEORGE C. ROBERTS, Appellee, *vs.* SAUERMAN BROTHERS, INC., Appellant.

*Opinion filed December 19, 1938—Rehearing denied Feb. 8, 1939.*

LUCIUS, BUEHLER & LUCIUS, and YOUNG, PARES & PETERSON, (ALBERT E. LUCIUS, and THOMAS J. YOUNG, of counsel,) for appellant.

HOWE, RADEMACHER & KREAMER, and KING, TAYLOR & KING, for appellee.

Mr. CHIEF JUSTICE SHAW delivered the opinion of the court:

The circuit court of Cook county entered a summary judgment in the sum of $18,172.09 against the appellant, Sauerman Brothers, Inc., which was based upon a judgment of the circuit court of Fulton county, Kentucky, rendered on May 12, 1933. The Kentucky judgment arose out of the following facts: The Paige Engineering Company brought a suit in the circuit court of Fulton county, Kentucky, against the Sweet-Price Dredging Company, and in that suit levied an attachment against certain levee-building machinery. The appellant, Sauerman Brothers, Inc., brought a suit against the sheriff and the Paige Engineering Company, seeking to recover possession of the attached machinery, claiming a lien as conditional vendor. Thereafter, the two actions were consolidated by consent of the parties and were transferred to the equity side of the court. Without stating unnecessary details, it is sufficient, for this record, to say that this consolidated cause was twice tried in the courts of Kentucky and the judgment herein sued on was rendered pursuant to a final judgment of the Court of Appeals of Kentucky, which is the court of last resort of that State.

In the trial court, the appellant filed an affidavit of merits setting forth the proceedings in Kentucky in considerable detail and setting forth various provisions of the

constitution of the State of Kentucky and of the United States, and also various provisions of the statutes of Kentucky. The affidavit also amounts to an extensive argument against the correctness of the Kentucky judgment and insists it was not rendered pursuant to the mandate of the Court of Appeals of Kentucky. Of the affidavit it may be said, in general, that it seeks a relitigation of the matters determined in the circuit court of Fulton county.

The trial court sustained plaintiff's motion for summary judgment and entered such a judgment in the sum above mentioned, from which this appeal is prosecuted.

Appellant's assignment of errors is as follows:

"1. Because the judgment of the Kentucky circuit court was rendered in violation of the constitutions of that State and of the United States.

"2. Because the answer of defendant previously filed raised a substantial issue of law and fact to be tried by a court or jury.

"3. Because the plaintiff failed to comply with the provisions of the Civil Practice act and the rules of the Supreme Court in respect to a motion for summary judgment.

"4. Because the Kentucky circuit court exceeded its jurisdiction in entering a judgment not in accordance with the pleadings filed or the relief sought and said judgment was therefore void.

"5. Because the judgment of the Kentucky circuit court was based upon a sale which had been abrogated by the reversal of the former judgment of the Court of Appeals and was therefore void.

"6. Because the Kentucky circuit court entered a money judgment instead of a judgment of *retorno habendo* as required by the laws of that State, and said judgment was therefore void.

"7. Because the ultimate judgment rendered by the Kentucky court was the result of fraud and circumvention and was therefore void.

"8. Because the sale ordered by the Kentucky circuit court, upon which the judgment sued upon here was based was contrary to and not authorized by the Uniform Sales act which was adopted by Kentucky and such judgment was therefore void."

It is apparent that none of these assignments of error raises any question requiring construction of the constitution of Illinois. All questions as to the constitution of Kentucky and the constitution of the United States were determined

by the Kentucky courts and are not open for further inquiry here. We must give full faith and credit to the judgment of the circuit court of Fulton county, Kentucky, and while certain questions are raised in these briefs as to the manner of its certification, the sufficiency of its *placita* and as to the contents of the transcript, they are not such as raise any constitutional question for our consideration.

The cause will be transferred to the Appellate Court for the First District.

*Cause transferred.*