George C. Roberts, Appellee, v. Sauerman Brothers, Inc., Appellant.

Gen. No. 40,694.

Opinion filed April 26, 1939. Rehearing denied May 8, 1939.

LUCIUS, BUEHLER & LUCIUS and YOUNG, PARES & PETERSON, all of Chicago, for appellant; ALBERT E. LUCIUS and THOMAS J. YOUNG, of counsel.

HOWE, RADEMACHER & KREAMER and KING, TAYLOR & KING, all of Chicago, for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

On April 22, 1938, the circuit court of Cook county entered a summary judgment against defendant in the sum of $18,172.09. The action of the court was based upon a judgment of the circuit court of Fulton county, Kentucky, rendered on May 12, 1933. The Paige Engineering Company brought suit in the circuit court of Fulton county, Kentucky, against the Sweet-Price

Dredging Company and therein levied an attachment against certain levee building machinery. Sauerman Brothers, defendant herein, brought suit against the sheriff and the Paige Engineering Company seeking to recover possession of the attached machinery, claiming a lien as conditional vendor. The two actions in Kentucky were consolidated by consent of the parties and transferred to the equity side of the court. The consolidated cause was twice tried in the circuit court in Kentucky and twice appealed to the court of appeals of Kentucky, which is the court of last resort of that State. The judgment on which the instant case is bottomed, was sustained by the court of appeals. In resisting the motion for summary judgment, defendant filed an affidavit of merits setting forth the proceedings in Kentucky and various provisions of the Constitutions of Kentucky and of the United States, and also various provisions of the statutes of Kentucky. The circuit court of Cook county ruled that the affidavit of merits did not state a defense and accordingly entered judgment against defendant. The latter appealed to the Supreme Court, and in an opinion filed December 19, 1938 (370 Ill. 344) that court said:

"Of the affidavit it may be said, in general, that it seeks a relitigation of the matters determined in the circuit court of Fulton county. . . .

"It is apparent that none of these assignments of error raises any question requiring construction of the constitution of Illinois. All questions as to the constitution of Kentucky and the constitution of the United States were determined by the Kentucky courts and are not open for further inquiry here. We must give full faith and credit to the judgment of the circuit court of Fulton county, Kentucky, and while certain questions are raised in these briefs as to the manner of its certification, the sufficiency of its *placita* and as

to the contents of the transcript, they are not such as raise any constitutional question for our consideration." Consequently, our Supreme Court transferred the case.

Upon examination of the record, we find that the transcript of the judgment rendered in Kentucky is certified in conformity with the act of Congress. (See *McMillan v. Lovejoy,* 115 Ill. 498.) We have carefully examined the record and briefs and are convinced that the defense presented in the circuit court of Cook county and the points raised on appeal are a relitigation of the matters determined in the circuit court of Fulton county, Kentucky.

Paragraph (j) of the affidavit opposing the entry of the summary judgment states "that this affiant further says that he is informed and believes that the said Paige Engineering Company's right of action in said proceedings in said Fulton County Circuit Court was based upon an indebtedness of the Sweet-Price Dredging Company to it, the said Paige Engineering Company, and that said defendant states upon information and belief that the said indebtedness of the Sweet-Price Dredging Company to the said Paige Engineering Company has been collected in full by said Paige Engineering Company and that therefore no right of action can be maintained upon the judgment sued on herein."

Rule 15 of the rules adopted by the Supreme Court provides that affidavits in support of a motion for summary judgment shall be made on the personal knowledge of the affiant, and that affidavits opposing the entry of such a judgment shall be drawn in the same manner. The rule further requires that the affidavit shall set forth with particularity the facts upon which the cause or defense is based, and shall have attached thereto sworn or certified copies of all papers upon

which the parties rely; shall not consist of conclusions but of such facts as would be admissible in evidence, and shall affirmatively show that the affiant if sworn as a witness, can testify competently thereto, and that if the facts shown are not within the personal knowledge of one person, two or more affidavits shall be used. It is obvious that the portion of the affidavit above quoted is entirely inadequate. It is based on information and belief, contains conclusions and does not give the facts. Defendant criticizes the affidavit supporting the motion for summary judgment because it does not have attached thereto all of the exhibits on which it relies. The complaint does have attached thereto as exhibits the various documents upon which it relies, and the affidavit for summary judgment adopts the essential exhibits attached to the complaint. It would be a supererogation to require plaintiff to attach copies of the exhibits already in the files. Defendant urges that the trial court erred in granting the motion for summary judgment without regard to the pleadings previously filed, which raised substantial issues of law and fact to be tried by a jury. The fact that the pleadings joined issue does not prevent the entry of a summary judgment. The pleadings should be considered in order that the court may know what the issues are. Ordinarily, a motion for summary judgment presupposes that the pleadings properly join issue. If the pleadings do not join issue, the usual practice is to dispose of them on motions to strike or to dismiss. A person may be able to state a good defense in a pleading, and yet when he is required to set up that defense in affidavits according to the requirements of Rule 15 of the Supreme Court, it may become apparent that he has no defense. If he has no defense, he is not entitled to a trial. The duty often devolves on the court during a trial to direct a verdict. Then the court

decides that there is no issue of fact for the jury to pass on. Likewise, on a motion for summary judgment, when there is no triable issue of fact, the court is bound to enter judgment accordingly. Where the affidavits of merit raise an issue of fact, the motion for summary judgment must be denied. To try an issue of fact by affidavits would deprive a litigant of his right to a jury trial. (*Diversey Liquidating Corp. v. Neunkirchen,* 370 Ill. 523, 527.) In the instant case, however, there is no dispute as to the essential facts. Therefore, there was no issue of fact to be tried. We find that the affidavit for summary judgment was in substantial compliance with the Civil Practice Act and Rule 15 of the Supreme Court, and that the affidavit of merits filed by defendant does not set out a defense. Such affidavit of merits raised only issues of law and the court correctly ruled thereon.

As to the jurisdiction of the circuit court of Fulton county, Kentucky, we invite attention to sec. 48a, ch. 51, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 107.122], which required the circuit court of Cook county to take judicial notice of the constitution and laws of Kentucky. Under the laws of Kentucky the circuit court of Fulton county is a court of general jurisdiction. The court of appeals decided the questions of procedure in the Fulton county circuit court and we will give full faith and credit to the judgment rendered therein.

Because of the views expressed, the judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*

DENIS E. SULLIVAN, P. J., and HEBEL, J., concur.