Thomas J. Killian and Ethel M. Killian, Appellees, v. Welfare Engineering Company, Appellant.

Gen. No. 10,060.

Opinion filed March 8, 1946. Opinion modified and rehearing denied May 7, 1946. Released for publication May 9, 1946.

RUNYARD & BEHANNA, of Waukegan, for appellant; EUGENE M. RUNYARD, of Waukegan, of counsel.

EDWARDS & BLOCK and WILLIAM R. DALZIEL, all of Waukegan, for appellees; SIDNEY H. BLOCK and BERNARD M. DECKER, both of Waukegan, of counsel.

MR. JUSTICE BRISTOW delivered the opinion of the court.

This is an appeal by the defendant, Welfare Engineering Company, a corporation, from an order of the circuit court allowing a motion for summary judgment made by plaintiffs, Thomas J. Killian and Ethel M. Killian, in an action of forcible detainer.

Inasmuch as this appeal is solely on the pleadings and affidavits, this court is impelled to give close attention to the allegations set forth therein.

The complaint consists of four counts, and alleges, in substance, that on January 6, 1937, the trustees for the unsecured creditors of the First National Bank of Waukegan, Illinois were the owners of the following described premises situated in the City of Waukegan, County of Lake, and State of Illinois:

That part of Lot 7 in Block 14 in Original Town of Little Fort (now City of Waukegan) described as follows: Beginning at the South West corner of said Block 14 and running thence Northerly along the West line of said Block to the North West corner of said Lot 7; thence East on the North line of said Lot 101 feet; thence South Westerly on a straight line to a point in the South line of said lot 76.33 feet East of the South West corner thereof; thence West on the South line of said lot 76.33 feet to the place of beginning;

said premises were at all times herein mentioned improved with a two story building and known as 42 Madison St., Waukegan, Illinois.

The complaint further alleges that on the above-mentioned date, the said trustees entered into a lease, written or verbal, with the Welfare Engineering Company, a corporation, as lessee for said premises for the term of one year from Jan. 1, 1937 to Dec. 31, 1937. At the end of the term the defendant corporation continued in possession and occupation of said premises, and still continues in such possession without any new arrangement or lease, and has, moreover, paid the monthly instalments of rent provided for in the original lease.

On Nov. 23, 1943, it is claimed, plaintiffs, Thomas J. Killian and Ethel M. Killian acquired title in fee simple as joint tenants to the leased premises by a conveyance from the trustees. No further agreements or leases, however, have been entered between plaintiffs and defendant.

On Sept. 2, 1944, plaintiffs served on defendant a written demand for possession of the premises, and

notice of termination of the tenancy on Dec. 31, 1944, but defendant has refused to comply therewith. Plaintiffs contend, therefore, that the rights of defendant to the premises were terminated by the notice, and that plaintiffs are entitled to possession.

Attached to this complaint, as Exhibit A, is a copy of the written notice of termination of the tenancy, served on the defendant on Sept. 2, 1944, which describes the premises exactly as they are described in count 1 of the complaint.

Defendant filed a motion to transfer said cause to the equity side of the court and consolidate it with a proceeding for an injunction commenced by it against the plaintiffs.

The material allegations of said motion are that under the lease from the trustees for the premises described as 42 Madison street, these premises were bound on the west by Spring street, and on the east by the Chicago and Northwestern railroad, and included therein an area between the building at 42 Madison street and the railroad tracks. This area was owned by the railroad and leased to the trustees.

It is further alleged that the plaintiffs entered this area and destroyed part of the platforms built by defendant thereon, thereby, obstructing the use of this area by defendant.

This motion to consolidate was denied by the circuit court, and defendant filed an answer which was essentially a general denial of the allegations in the complaint.

Plaintiffs, thereupon, filed their motion for summary judgment supported by affidavits in which they restated all of the facts alleged in the complaint, and further stated that the lease in question was in writing.

Attached to the said motion for summary judgment were three exhibits: Exhibit 1 was a copy of the lease, wherein the premises are described as "42 Madison St., Waukegan, Illinois." Exhibit 2 was a certified

copy of the deed from the trustees to the plaintiffs, describing the property by metes and bounds, and Exhibit 3 was a copy of the aforementioned notice of the termination of the tenancy served on defendants on Sept. 2, 1944, which described the premises by metes and bounds, and included the designation, ''the said property being improved by a two-story brick building and known as 42 Madison St., Waukegan, Illinois.''

In defense of the motion for summary judgment, an affidavit was made by William J. Bargen, president of the defendant corporation. This affidavit asserts that defendant was in the occupation and possession of certain premises known as 42 Madison street which were bounded on the west by Spring street and on the east by the Chicago and Northwestern railroad tracks.

It states further, that defendant received two notices from plaintiffs. The first was served on Aug. 22, 1944, and demanded the immediate use by plaintiffs, described therein as lessees, of the area between the building and the railroad tracks, and the removal of all items of personal property situated thereon. The second notice, served on Sept. 2, 1944, upon which this action is predicated, did not, according to defendant's contention, include the area described in the first notice, and was, therefore, insufficient to terminate the tenancy.

Plaintiffs challenged the sufficiency of this affidavit by a motion to strike, on the ground that it merely stated conclusions, and did not contain any facts constituting a defense to plaintiffs' complaint, and was, therefore, in violation of Rule 15 of the Supreme Court (Ill. Rev. Stat. 1945, ch. 110, par. 259.15 [Jones Ill. Stats. Ann. 105.15]).

The trial court granted this motion. Defendant did not ask to file any further affidavits, or to amend the affidavit on file, and the court, thereupon, allowed plaintiffs' motion for summary judgment.

The question presented by the appeal of defendant, Welfare Engineering Company, a corporation, before

this court, is whether the circuit court erred in striking defendant's affidavit of merits, and in allowing plaintiffs' motion for summary judgment.

It is well established under the statutes and decisions of this State that the terms and provisions of sec. 57 of the Illinois Civil Practice Act, which authorizes the issuance of summary judgments, are applicable to actions of forcible detainer. Ill. Rev. Stat. 1945, ch. 110, par. 181; Jones Ill. Stats. Ann. 104.057; *Wainscott v. Penikoff*, 287 Ill. App. 78 (1936).

Rule 15 of our Supreme Court sets forth the requirements for affidavits in support of, and in opposition to, summary judgments. Ill. Rev. Stat. 1945, ch. 110, par. 259.15; Jones Ill. Stats. Ann. 105.15. It provides, in substance, that the affidavits shall be made on personal knowledge of the affiants, shall set forth with particularity the facts upon which the claim or defense is based, shall have attached thereto sworn or certified copies of all papers upon which the party relies, and shall not consist of conclusions, but of such facts as would be admissible in evidence.

The Supreme Court in *Shirley v. Ellis Drier Co.*, 379 Ill. 105, has interpreted the foregoing statutory provisions, and approved the test applied by the Appellate Court in that case, 310 Ill. App. 518, in determining when the issuance of a summary judgment is proper.

The Appellate court stated: "The court takes the affidavit of the plaintiffs and the affidavit of defendant, compares both of them precisely as if the affidavits represented oral evidence of witnesses appearing on the witness stand, and then determines whether, if the evidence contained in the affidavits was orally submitted to the court, there would be something left to go to the jury . . . If there would be nothing left to go to the jury, and the court would be required to direct a verdict, then a summary judgment will be entered."

This test is reiterated and followed by the court in *Fisher v. Hargrave,* 318 Ill. App. 510. In this case, moreover, the court expressly rejects the contention, made also by defendant in the instant case, that under Rule 15, the affidavits for plaintiffs should be strictly construed and those for defendants liberally. With reference to this point the court further stated:

"The requirements of an affidavit filed in opposition to a motion for summary judgment are no different from those necessary in support of a summary judgment in favor of plaintiff. It was so held in *Chicago Title and Trust Co. v. Cohen,* 284 Ill. App. 181, where we affirmed an order of the Superior Court striking the affidavit of merits and entered a summary judgment for plaintiff because defendant's affidavit consisted of conclusions and incompetent evidence in violation of Rule 15 of the Supreme Court."

■ From the foregoing statutory provisions and interpretations, it appears that where a plaintiff has filed a proper motion for summary judgment supported by affidavits, it is incumbent upon defendant to file an affidavit showing that he has a sufficiently good defense to plaintiffs' claim, for a court to properly submit to a jury.

In the instant case, plaintiffs, Thomas J. Killian and Ethel M. Killian filed an affidavit in support of their motion for summary judgment, which set forth, essentially, the following facts:

There was a written lease dated Jan. 6, 1937, for one year, between the trustees, plaintiffs' predecessors in title, and defendant, which demised "the premises known as 42 Madison St.," owned at that time by the trustees. Defendant held over under this lease and paid rent. On Nov. 23, 1943 plaintiffs acquired the said property from the trustees by a deed in which the premises were described by metes and bounds. On Sept. 2, 1944, defendant was given a notice of termination of the tenancy by the plaintiffs, in which the prem-

ises were described not only by metes and bounds but also by street number—following the precise language of the lease.

Attached to the motion for summary judgment were copies of the lease, the deed from the trustees to the plaintiffs, and the notice of termination.

The foregoing evidentiary facts presented in plaintiffs' affidavit and supporting documents clearly establish their right to a summary judgment, unless defendant can show, by affidavit, that it had a meritorious defense which the circuit court could properly have submitted to a jury.

On behalf of the defendant, Welfare Engineering Company, a corporation, William J. Bargen, president of the company, filed the only affidavit of defense. There was no express denial therein of the allegations made in plaintiffs' affidavit. These allegations may be deemed to be admitted, for any facts alleged in an affidavit for summary judgment, which are not denied by the affidavit of defense, are thereby admitted. *Chicago Title & Trust Co. v. Cohen,* 284 Ill. App. 181, 185.

The only defense offered in defendant's affidavit is that the notice to terminate the lease, served on Sept. 2, 1944, and upon which this action is predicated, did not include all of the premises under the lease, and, therefore, did not constitute a sufficient notice under the statutes for the termination of tenancies. Ill. Rev. Stat. 1945, ch. 80, par. 5; Jones Ill. Stats. Ann. 72.05.

This statement is a mere conclusion and should be stricken under the terms of Rule 15, unless it is supported by evidentiary facts appearing in the affidavit. *Chicago Title & Trust Co. v. Cohen,* 284 Ill. App. 181; *Fisher v. Hargrave,* 318 Ill. App. 510.

The only facts alleged in defendant's affidavit with reference to defendant's leasing of any property appear in paragraph 4 which states:

"That the defendant was in the occupation and possession of certain premises on the Northerly Side of Madison St., in the City of Waukegan, Lake County, Illinois, bounded on the west by Spring St., and on the east by the Chicago North Western Railway spur or switch track, and being known and designated as 42 Madison St., as a tenant from year to year during the year 1944, such tenancy being for the year ending Dec. 31, 1944."

In this paragraph defendant does not claim that the property was leased from plaintiffs, or from plaintiffs' predecessors in title; in fact, it is impossible to tell from the allegation who is the owner of all or part of the property. Furthermore, the bold assertion that a tenancy from year to year exists, without alleging fact establishing such tenancy is a gratuitous conclusion of law of defendant.

Paragraph 5 of the affidavit of defense refers to a notice from plaintiffs, dated Aug. 2, 1944, demanding that defendant remove all items of personal property upon a described area, of which plaintiffs are described as lessees of the railroad.

No attempt is made in defendant's affidavit to connect this railroad property described in this notice, with the property leased under the designation of 42 Madison street, or to show plaintiffs' connection with this property, other than the mere statement in the notice that plaintiffs are lessees. Nor is there any showing that any sublease was ever made of this property by plaintiffs to defendant.

In paragraph 7 of the affidavit of defense, defendant refers to the notice upon which this action is predicated, in which the premises are described by metes and bounds and by street number, to wit, 42 Madison street. In paragraph 8, defendant contends that this notice was insufficient, in that it included only a portion of the premises, and did not include the portion referred to in the prior notice.

This argument is untenable. If defendant had, in fact, leased this railroad property from the plaintiffs, or from the plaintiffs' predecessor in title, it was incumbent upon defendant to state in the affidavit of defense the facts showing how such lease, if it existed, was created, who were the parties thereto, and their interest in the premises demised. The only statement contained in the affidavit is that defendant rented premises known as 42 Madison street, and, the notice to terminate the tenancy included the precise words of description contained in the lease—"known as 42 Madison street." If, however, defendant claims to have leased other property, in addition to that described in plaintiffs' affidavit as 42 Madison street, then defendant should properly have alleged the facts which formed the basis for such alleged lease.

It cannot be contended that this series of vague and unrelated allegations which appear in the defendant's affidavit constitute a meritorious defense which a court could properly present to a jury.

It is, therefore, the opinion of this court that under the requirements of Rule 15, that defendant's affidavit shall set forth "with particularity the facts upon which the defense is based" and "shall not consist of conclusions, but of such facts as would be admissible in evidence," the affidavit in the instant case was wholly insufficient, and was properly stricken by the circuit court.

Defendant, however, in an attempt to supplement these fatal defects appearing in its affidavit, and, having failed to move to amend it, or to file additional affidavits, urges this court to look to the unverified pleadings for the facts in determining whether the motion for summary judgment was properly allowed. More particularly, defendant calls attention to its motion to consolidate the instant case with an equity proceeding.

This contention is without merit in the light of the decisions of this State. It has been repeatedly

held, in passing upon the propriety of the issuance of a summary judgment, that it is not sufficient that defendant may have filed pleadings, which on their face set up a good defense, defendant must file a sufficient affidavit of defense to prevent the entry of a summary judgment under sec. 57 of the Civil Practice Act. *Roberts v. Sauerman Bros., Inc.,* 300 Ill. App. 213; *Chicago Title & Trust Co. v. Cohen,* 284 Ill. App. 181; *Wainscott v. Penikoff,* 287 Ill. App. 78; *Colfax Grain Co. v. Bradford,* 225 Ill. App. 419; *People ex rel. Barclay v. West Chicago Park Com'rs,* 308 Ill. App. 622.

In *Roberts v. Sauerman Bros., Inc.,* 300 Ill. App. 213, the court unequivocally passed upon this issue, and the language used by the court is singularly appropriate in the instant case. The court stated at p. 217:

"Defendant urged that the trial court erred in granting the motion for summary judgment without regard to the pleadings previously filed which raised substantial issues of law and fact to be tried by a jury. The fact that the pleadings joined issue does not prevent the entry of a summary judgment. The pleadings should be considered in order that the court may know what the issues are. Ordinarily a motion for summary judgment presupposes that the pleadings properly join issue . . . A person may be able to state a good defense in a pleading and yet when he is required to set up that defense in affidavits according to the requirements of Rule 15 of the Supreme Court it may become apparent that he has no defense. If he has no defense, he is not entitled to a trial."

In *Gliwa v. Washington Polish Loan & Building Ass'n,* 310 Ill. App. 465, relied upon by defendant, the court held similarly at p. 470:

"The pleadings (important) are not controlling. If it appears from facts stated in the affidavits or documents that the answer pleaded is sham, or false or frivolous it will be disregarded."

It is the opinion of this court, however, that even if judicial notice were taken of the facts alleged in defendant's unsworn motion to consolidate this case with the equity proceeding for an injunction, such allegations would not establish a meritorious defense to plaintiffs' motion for summary judgment.

The motion to transfer the cause, which was denied, is too voluminous to be set forth *verbatim* within the reasonable confines of an opinion, but the salient allegations of facts may be summarized as follows:

The premises described as 42 Madison street under the lease, between the trustees and the defendant were located on the northerly side of Madison street, and, allegedly, extended to the west side of the Chicago and Northwestern railway tracks. At the time the lease was executed the trustees had title only to the westerly part of 42 Madison street, which included that part on which the building was located. The trustees had leased from the railroad the area between the building and the railroad tracks. This leased area— a separate strip—was, defendant claims, included in the lease to defendant of the premises known as 42 Madison street.

At the expiration of the lease defendant continued in possession and paid the rent to the trustees. When the trustees transferred that portion of the property to which they had title to the plaintiffs, defendant paid the full rent to plaintiffs.

It is at once apparent that defendant fails to show, even in this unsworn motion, how or when plaintiffs entered into any lease on their part with the railroad for this separate parcel of property owned by the railroad. Nor is it shown that plaintiffs by any overt act on their part entered into a sublease of this property with defendant. Nor are there any facts alleged that the lease covering the railroad property was renewed from year to year between the trustees and the railroad, or between the present plaintiffs and the rail-

road. Finally, if plaintiffs had no lease from the railroad at the time they acquired title to the property leased to the defendant and known as 42 Madison street, how can defendant argue that its lease with plaintiffs covered this property owned by the railroad?

It is clear to this court that defendant's contention, that 42 Madison street included not only the parcel of land owned by plaintiffs' predecessors in title, upon which the building and improvements are located, but also that strip of land lying between the building and the railroad, and owned by the railroad, is unsupported by the allegations of fact appearing in the affidavit and in the pleadings.

Nor can it be assumed that the unequivocal designation of 42 Madison street in the lease itself carried a separate parcel of property owned by a separate owner.

Under the recognized rules of construction where property is leased by street number, the lease will include only the lot upon which the building itself is situated. *Enk v. McCaffrey*, 128 Ill. App. 343; *Patterson v. Graham*, 140 Ill. 531.

In the *Enk* case, *supra*, the court held at p. 348:

"While it may be plausibly claimed that the demise of the dwelling house on lot 72 includes the lot, we cannot understand how it can be reasonably contended that it includes lot 71. Lot 71 is not described in the lease in terms, nor is it included in the description given. It could not pass as an appurtenance of lot 72, because 'one piece of land held in fee, or by a lesser title, cannot be appurtenant to another piece of land.' *St. Louis Bridge Co. v. Curtis*, 103 Ill. 410, 418."

The instant case is even stronger than the *Enk* case, *supra*. Whereas in the *Enk* case the description by street number involved two lots owned by one person; in the case at bar, the two parcels of land are owned by separate owners—plaintiffs and the railroad.

There is another and more apparent reason why the defense interposed by defendant in the instant case must fail. The entire argument, as advanced incompletely in defendant's affidavit, and with some additional details in the motion to transfer, proceeds on the assumption that there were two parcels of land included in the lease, and that the notice to terminate the tenancy refers only to one parcel, and is, therefore, insufficient.

It is obvious that if the words "42 Madison street" appearing in the lease, can be said to cover two parcels of land owned by separate persons, without any express language to that effect, they should also be construed to cover the same parcels of land in a notice to terminate the tenancy.

With reference to the sufficiency of notice, the general rule is that it is good if, upon the whole, it is intelligible and so certain that the tenant cannot reasonably misunderstand it. 35 Corpus Juris § 366.

In *Metropolitan West Side El. Ry. Co. v. Govostis,* 199 Ill. App. 451, the court held that a notice identifying the property as the "demised premises" without describing them, was sufficient.

In the instant case, the notice containing the precise words in the lease was clearly sufficient.

In support of its contention that the notice was insufficient, however, defendant cites *Sheldon v. Sutherland,* 222 Ill. App. 598, where a lease demised "the first floor and basement and shed adjoining the rear of the building known as no. 113–115 Marion St.," and the court held that the notice, which demanded possession only of "the store of 113–115 Marion Street," was insufficient to terminate the tenancy.

This case is clearly distinguishable from the case at bar. Whereas, in the case cited the lease specifically referred to three distinct parcels of property and the notice mentioned only one of them, in the instant case, the notice includes the precise words of the lease.

It is apparent to this court from all the pleadings and affidavits submitted on this appeal, that the circuit court did not err in striking the affidavit of defense, which violated the plain requirements of Rule 15 that evidentiary facts rather than conclusions shall be alleged. Nor are there allegations of such evidentiary facts in any of the pleadings submitted by defendant. Plaintiffs' motion for summary judgment was, therefore properly allowed.

We are in accord with the ruling of the circuit court, and the judgment should be affirmed.

*Judgment affirmed.*