Eva Lee Klesath *et al.*, Plaintiffs-Appellees, *v.* J. W. Barber *et al.*, Defendants-Appellants.

(No. 71-110;

Third District—March 7, 1972.

Edward V. Rashid, of Streator, for appellants.

John A. Berry, of Ottawa, for appellees.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

This is an appeal from a judgment entered on a motion for summary judgment in favor of plaintiffs, Eva Lee Klesath, Melvin Matter and Raymond Matter, against defendants, J. W. Barber and B. Barber. Plaintiffs filed suit for declaratory judgment and injunction in connection with termination of a farm tenancy of defendants.

The sole issue is whether summary judgment should have been granted and, in particular, whether defendants' denials in their answer and in their counter-affidavit were sufficient to raise factual issues requiring trial.

Plaintiffs' complaint alleged ownership of certain described farm property in Eva Lee Klesath; rental thereof in the fall of 1957 to J. W. Barber on a crop share basis; continuance as tenant from year to year until February 28, 1971; assistance by B. Barber, brother of J. W. Barber, in the farming; service of a written notice of termination of such tenancy on both defendants by the sheriff on September 24, 1970; the rental of such property by Klesath to the other plaintiffs, Melvin Matter and Raymond Matter; as of March 1, 1971; and a course of conduct by defendants by letters and otherwise intimidating plaintiff Klesath; and finally, occupancy and farming of the premises by the other plaintiffs. Plaintiffs prayed for declaratory judgment of termination of the tenancy and temporary and permanent injunction against defendants farming or entering the premises.

Defendants filed an answer admitting ownership by Klesath, the farm tenancy from year to year by J. W. Barber, the service of the termination notice, and generally denying other allegations. The complaint alleged and the answer admitted that Melvin and Raymond Matter entered the premises to spread fertilizer thereon on March 29, 1971, and that defendants came on the premises and threatened Matters and ordered them and their machinery off the premises.

The premises consist of 80 acres of tillable farmland, having no improvements except a corn crib. Defendants never lived thereon. However, defendants refused to move certain stored corn and a tractor from the premises.

Plaintiffs filed motion for summary judgment supported by affidavit of Eva Lee Klesath setting up the facts substantially as alleged in their complaint, including that certain letters were written by defendants to Klesath stating that she had authorized them to plant a clover crop which is a two-year crop and that they notified her not to plow under the clover crop; and such affidavit set up certain other specific letters and threats from defendants to the effect that they intended to farm in 1971 and they considered their tenancy not terminated and would treat any entry on the premises by plaintiffs as a criminal trespass. The Affidavit further stated that on March 30, 1971, J. W. Barber came to the home of Raymond Matter and threatened him that if he planted corn on the premises, Barber would disc it out.

Defendant, J. W. Barber, filed a counter-affidavit setting up that in the spring of 1969 plaintiff Klesath directed planting of the clover on ten acres; that clover is a two-year crop and plaintiff paid him on January 26, 1971 for the clover seed; and that plaintiff was aware defendants had certain crops in bins on the farm and certain other personal property.

Defendant, J. W. Barber, also filed a petition to remove the personal property belonging to him located on the property. Plaintiffs filed answer to this petition, claiming a lien on the grain and personal property for storage since termination of the tenancy, and offering to deliver the property to defendants upon payment of the reasonable storage charges and costs of delivery of the same.

The trial court heard the matters on the pleadings and motion for summary judgment and affidavit and counter-affidavit. It held for plaintiffs, found the equities with plaintiffs, made the temporary injunction permanent, and entered judgment in favor of plaintiffs and for costs. We review only the summary judgment order.

■■■ Summary judgment procedure has become a material part of our present pleading and practice, and is one sizable step in disposing of cases with more dispatch than formerly was available under prior practice acts. Section 57 of the Ill. Civ. Pr. Act (Ill. Rev. Stat. 1969, ch. 110, par. 57), and Supreme Court Rule 191 (Ill. Rev. Stat. 1969, ch. 110A, par. 191) implementing the same, is as much a material portion of the trial of cases in Illinois as any other statutory or case law procedure. It is axiomatic that summary judgment will not lie where a genuine issue of material fact appears. However, merely joining issue by the pleadings does not preclude granting a motion for summary judgment. The pleadings often are and usually the answer is in the nature of conclusions. The test of the motion for summary judgment lies in the entire record, pleadings, affidavits and counter-affidavits.

■■ In properly reviewing this record, we find no specific facts set up by defendants which show a meritorious defense or genuine issue of material fact. Summary judgment properly was allowed. In *Roberts v. Sauerman Brothers, Inc.* (1st Dist. 1939), 300 Ill.App. 213, 20 N.E.2d 849 statement of conclusions by defendant's affidavit rather than facts, despite joinder of issue by the pleadings, was held insufficient to prevent entry of summary judgment. In *Killian v. Welfare Engineering Co.* (2nd Dist. 1946), 328 Ill.App. 375, 66 N.E.2d 305, the court allowed summary judgment where the counter-affidavit contained conclusions only and refused to test the matter solely on defendant's denial in a pleading.

■■ A court of equity may enjoin continued trespasses and threats of injury to property. 43 C.J.S. *"Injunctions"*, sec. 64; *Cragg v. Levinson* (1909), 238 Ill. 69, 87 N.E. 121; *Scholz v. Barbee* (2nd Dist. 1951), 344 Ill.App. 630, 101 N.E.2d 845.

It is apparent that no genuine issue of material fact existed as to the proper termination of the farm tenancy. Neither the planting of the

clover nor the payment for the seed by the landlord were relevant to the issue of termination of the farm tenancy. There being no genuine issue of material fact, summary judgment was proper and the action of the circuit court is affirmed.

Judgment affirmed.

TRAPP, P. J., and SMITH, J., concur.