OHIO OIL COMPANY, n/k/a Marathon Oil Company, Plaintiff-Appellee, *v.* VICTOR YACKTMAN *et al.*, Defendants-Appellants.

First District (2nd Division) No. 60904

Opinion filed February 17, 1976.

J. Michael Fitzsimmons, of Chicago (William J. Harte, of counsel), for appellants.

Allen S. Gerrard and Burton Sapoznick, both of Chicago, for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Ohio Oil Company, plaintiff, brought an action for specific performance against Victor Yacktman, and other defendants, predicated upon an option to purchase provision in a lease between the parties. Finding no material contested issues of fact, the trial court granted plaintiff's motion for summary judgment. Pursuant thereto, specific performance of the provisions of a leasing agreement entered into by these parties, together with costs, was decreed in favor of plaintiff. In accordance with this decree, defendants were directed to convey certain realty to plaintiff in compliance with plaintiff's exercise of an option to purchase granted to it under the contract.

The contract in question was entered into on or about June 15, 1960, by plaintiff as lessee and Chicago Title & Trust Company, acting not in an individual capacity, but as trustee of a trust with Victor Yacktman and his wife, Pauline, as beneficiaries. Under this contract, certain realty was leased to plaintiff for a term of 15 years, with plaintiff granted the additional right to extend the lease for two periods of five years each. Pursuant to an option to purchase clause contained in the contract, the interpretation of which was the central issue confronting the trial court, plaintiff on December 19, 1973, sent notice to Mr. and Mrs. Yacktman of its exercise of this option. Upon defendants' refusal to convey the premises to plaintiff, plaintiff commenced this action for specific performance, joining Mr. and Mrs. Yachtman and Chicago Title & Trust Company as defendants.

Since an analysis of paragraph 15 of the contract containing the option to purchase clause is essential to this appeal, this paragraph will be set out in its entirety:

> "15. *OPTION TO PURCHASE:* In the event LESSOR receives a bona fide offer to purchase the premises during the term of this lease, or any extension thereof, and desires to accept same, LESSEE shall have the first right and option to purchase said premises at the same price and upon the same terms and conditions as offered by any such prospective purchaser. Immediately upon receiving any such offer to purchase LESSOR shall notify LESSEE in writing, setting forth the name and address of the prospective purchaser and the full details of such offer. LESSEE

shall have a period of twenty (20) days after receipt of said notice in which to notify LESSOR of its election to purchase on the terms contained in said bona fide offer.

15a. In the event LESSEE elects to purchase, LESSOR will furnish forthwith a complete abstract of merchantable title certified to date by a reliable attorney or abstract company, or a certificate of title insurance issued by The Chicago Title & Trust Company satisfactory to LESSEE, showing a good and merchantable title in LESSOR, free and clear of all taxes, liens and encumbrances, except such as LESSEE may have expressly agree to assume. LESSEE shall have a resonable [sic] time thereafter to examine the evidence of LESSOR'S title, and if such title is found to be acceptable, LESSOR agrees to convey title to said premises to LESSEE by general warranty deed, with release of dower, if any.

15b. *In addition to the Option mentioned in Paragraph 15,* LESSOR hereby grants and gives unto LESSEE the first right and option to purchase the premises on (January 1, 1965, and during the balance of the year of 1965 for $62,500.00; during 1966 for $63,125.00; during 1967 for $63,756.00; during 1968 for $64,394.00; during 1969 for $65,038.00; during 1970 for $65,688.00; during 1971 for $66,345.00; during 1972 for $67,008.00; during 1973 for $67,679.00; during 1974 for $68,355.00; and during 1975 for $69,039.00.) *Should LESSEE exercise said option, it will notify LESSOR in writing,* and in such event *paragraph 15a shall become applicable to said transaction.*

15c. Said first right and option *and* said option to purchase *shall be additional consideration for said rents* and covenants to be paid and performed by LESSEE, and shall be a condition thereto." (Emphasis added.)

When ruling upon plaintiff's motion for summary judgment, the trial court had before it the following pleadings and documents: plaintiff's complaint for specific performance with a copy of both the lease and the letter of notice of plaintiff's exercise of the option to purchase attached thereto; defendants' amended answer to plaintiff's complaint; plaintiff's motion for summary judgment, supported by affidavit; and defendants' reply to plaintiff's motion, without counteraffidavit. In addition, defendants filed two affidavits to verify a portion of their amended answer and a motion for discovery with a supporting affidavit, but our examination of these pleadings discloses that they would have no bearing on the trial court's ruling on plaintiff's motion, rendering further consideration of them unnecessary.

By its complaint, plaintiff alleged, *inter alia*, the existence of the leasing agreement entered into by the parties on or about June 15, 1960; that pursuant to paragraph 15b of the contract, plaintiff exercised its option to purchase the demised premises; that notice of this exercise was sent to the Yacktmans by certified mail dated December 19, 1973; that defendants wilfully failed to perform their obligations under the option clause; and that plaintiff was without an adequate remedy at law.

By their amended answer, defendants denied most of the allegations contained in the complaint and stated, *inter alia*, that no option to purchase was granted plaintiff under paragraph 15b of the lease, but rather that paragraph 15 and the subparagraphs thereto merely granted plaintiff a conditional option to purchase the premises. Defendants further denied that the letter dated December 19, 1973, had the effect of exercising any option which may have been available to plaintiff.

In response to plaintiff's motion for summary judgment which was supported by the affidavit of plaintiff's real estate representative, defendants stated, *inter alia*, that plaintiff was only granted a right of first refusal to purchase the premises in the event defendants received and desired to accept a bona fide offer from a third party to purchase the real estate; that mutuality of contract was lacking because defendants did not receive consideration for an unrestricted option to purchase; and that in any event, plaintiff contracted away its right to bring suit for specific performance.

■■ From the action of the trial court granting plaintiff's motion for summary judgment and entering a decree for specific performance in favor of plaintiff, defendants present two principal issues for our consideration: whether the pleadings and other documents before the trial court raised a genuine issue of fact such that the granting of summary judgment was precluded as a matter of law, and whether plaintiff was entitled to a decree of specific performance. Defendants also contend that plaintiff's intended use of the premises is restricted by the terms of the contract, that plaintiff contracted away its right to sue on the contract, that an alleged conflict of interest of plaintiff's attorney was a proper subject for discovery by defendants, and that plaintiff's purported exercise of the option failed to conform with the express terms of the contract.[1]

A motion for summary judgment is properly granted when

"[T]he pleadings, depositions, and admissions on file, together

---

[1] We are compelled to note that appellants failed to comply with Supreme Court Rule 342 (Ill. Rev. Stat. 1975, ch. 110A, par. 342), in that no excerpts from the record or abstract was filed in this appeal, nor was a motion to waive this responsibility filed.

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law." (Ill. Rev. Stat. 1973, ch. 110, par. 57(3).)

In reaching a determination with regard to the absence or existence of a genuine issue of fact, the court should consider only evidentiary facts and not conclusions of law. (Ill. Rev. Stat. 1973, ch. 110A, par. 191(a); *Carruthers v. B.C. Christopher & Co.*, 57 Ill. 2d 376, 313 N.E.2d 457.) A test which may be employed by the court when ruling upon a motion for summary judgment, and the importance of supporting and opposing affidavits to the motion, were summarized by the Supreme Court in *Fooden v. Board of Governors*, 48 Ill. 2d 580, 587, 272 N.E.2d 497, 500-01, as follows:

"It may be stated generally that if what is contained in the pleadings and affidavits would have constituted all of the evidence before the court and upon such evidence there would be nothing left to go to a jury, and the court would be required to direct a verdict, then a summary judgment should be entered. More specifically, it has been held that an affidavit in support of a motion for summary judgment is actually a substitute for testimony taken in open court and should contain as much pertinent information as the affiant could competently testify to if he were sworn as a witness, and where such well alleged facts are not contradicted by counteraffidavit, they must be taken as true, notwithstanding the existence of contrary averments in the adverse party's pleadings which merely purport to establish *bona fide* issues of fact." (Citations omitted.)

In the instant case, plaintiff's motion for summary judgment was supported by the affidavit of its real estate representative. The affiant acknowledged the existence of the leasing agreement, and further stated that plaintiff exercised in writing its option to purchase the leased premises pursuant to paragraph 15b of the contract, that defendants failed to convey the property in accordance with the contract, that plaintiff continued to remit rental payments after exercising this option, and that the above matters were within the affiant's personal knowledge to which he would be willing to testify. In addition to this affidavit, a copy of the contract and of the letter which purportedly exercised the option were attached to the motion.

■■■ Defendants responded to this motion, but did not file a counteraffidavit alleging facts in support of their position. Of course, defendants were not obligated to file a counteraffidavit. However, when contesting a motion for summary judgment, the respondent may feel compelled to

file a counteraffidavit to avoid application of the rule that all well pleaded, uncontradicted facts contained in the movant's affidavit will be accepted by the court as true for the purpose of ruling on the motion. (*Fooden v. Board of Governors.*) It follows that if the movant's supporting affidavits show that he is entitled to a favorable ruling on his motion for summary judgment, it becomes incumbent upon the respondent to allege "evidentiary facts through affidavits or such" (*Carruthers v. B.C. Christopher & Co.,* 57 Ill. 2d 376, 380, 313 N.E.2d 457, 459) which could constitute a meritorious defense in order to raise a triable issue of fact and thus avoid an adverse ruling on the motion; the opposing party cannot rely upon his complaint or answer alone to raise genuine issues of material fact. (*Carruthers v. B. C. Christopher & Co.; Killian v. Welfare Engineering Co.,* 328 Ill. App. 375, 66 N.E.2d 305.) If the respondent elects not to file a counteraffidavit, any pleading filed by him can only be considered by the trial court for the limited purpose of discerning what issues are raised by the controversy. (*Roberts v. Sauerman Bros., Inc.,* 300 Ill. App. 213, 20 N.E.2d 849.) Notwithstanding the absence or insufficiency of the respondent's supporting affidavits and pleadings, the moving party should not be awarded summary judgment unless the affidavits in support of his motion establish his entitlement to a judgment or decree as a matter of law. *Gliwa v. Washington Polish Loan & Building Association,* 310 Ill. App. 465, 34 N.E.2d 736.

In the instant case, the essential issues raised by plaintiff's affidavit, when considered in conjunction with the pleadings on file, were whether an unconditional option to purchase the premises was granted to plaintiff under the terms of the contract, and, if such an option was granted, whether plaintiff's purported exercise of this option had the effect of creating a binding contract.

■■ As a general rule, the construction and legal effect of a contract is a question of law to be resolved by the court. (*Chicago Daily News v. Kohler,* 360 Ill. 351, 196 N.E. 445; *Bertlee Co. v. Illinois Publishing & Printing Co.,* 320 Ill. App. 490, 52 N.E.2d 47.) And whether contractual provisions are ambiguous is also a question of law. (*Coney v. Rockford Life Insurance Co.,* 67 Ill. App. 2d 395, 214 N.E.2d 1.) Here, a genuine issue of fact was not presented to the trial court since only questions of law were raised; only the construction of the contract and the legal effect of the letter of notification were subject to resolution. Under these circumstances, summary judgment was a proper remedy.

■■ We further hold that plaintiff was entitled to a decree for specific performance as a matter of law. Therefore, plaintiff's motion for summary judgment was properly granted.

We consider the language of paragraph 15 in this contract to be clear and unambiguous. Contrary to defendants' contention that paragraph 15, when considered in its entirety, merely granted to plaintiff a conditional option of "the right of first refusal," paragraph 15b unequivocally granted to plaintiff an unconditional option to purchase the demised premises. Paragraph 15d begins "In addition to the Option mentioned in Paragraph 15 * * *." Clearly, this latter option was in addition to and independent of the conditional option granted by paragraph 15. Furthermore, since paragraph 15b expressly incorporates the terms of paragraph 15a, the terms governing a transaction pursuant to 15b are sufficiently definite to sustain a decree for specific performance.

Defendants argue in the alternative that even if an unconditional option was granted to plaintiff, plaintiff's notice was insufficient to exercise the option. This argument is predicated upon the notice provision contained in the default clause of the contract and the fact that plaintiff's notice failed to comply with this provision. A careful reading of this portion of the contract, however, reveals that this notice provision is applicable only to notification in the event of a breach of contract by one of the parties. We agree with the effect the trial court gave to plaintiff's letter of notification and hold that plaintiff exercised this option in accordance with the terms of the contract.

Defendants' other contentions, aside from not being presented by counteraffidavit, are legally insufficient to defeat plaintiff's motion. Plaintiff's agreement to pay rent is, standing alone, adequate consideration to support both an option to purchase as well as the right of occupancy. (*Cities Service Oil Co. v. Viering*, 404 Ill. 538, 89 N.E.2d 392.) Other arguments advanced by defendants neither serve to insert an ambiguity into the clear meaning of this contract, nor are they given credence by a reading of this document.

Accordingly, the decree for specific performance entered by the circuit court is affirmed.

Judgment affirmed.

LEIGHTON, P. J., and HAYES, J., concur.